Edward James CONQUEST, Appellee,

v.

James P. MITCHELL, Superintendent of the Virginia State Penitentiary, Appellant.

No. 78–6453.

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1979.

Decided April 8, 1980.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., of Virginia, Richmond, Va., on brief), for appellant.

Dwane H. Miller, Richmond, Va., for appellee.

Before HAYNSWORTH, Chief Judge, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

The Superintendent of the Virginia State Penitentiary appeals an order of the district court granting habeas corpus relief to Edward James Conquest alleging error in that court's conclusion that the introduction at trial of Conquest's confession made to his psychiatrist was prejudicial error. The Commonwealth argues that Conquest is barred from raising this claim in a federal habeas corpus petition because he did not object to the admission of the testimony for the reasons he now asserts, under the holding of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and that, even if it may be considered, the error is harmless beyond a reasonable doubt. We agree that *Wainwright* bars Conquest from seeking habeas relief under 28 U.S.C. § 2254 on this fifth amendment claim, and do not consider the other claim.

Conquest was tried by jury for murder and robbery. Prior to trial he was examined by a psychiatrist at the request of then defense counsel, Henry Curtis. During that examination Conquest told the psychiatrist that he had stabbed someone for money.

Prior to trial, Curtis was replaced by a retained attorney. Conquest was sentenced in July, 1976.

At trial the psychiatrist was called by the prosecution to testify as to the statement made to him. The defense attorney objected on the ground that the nature of that testimony had not been disclosed to him prior to trial pursuant to a discovery motion. The trial court overruled the objection because the statement had been disclosed to Curtis, and the statement was admitted into evidence.

The evidence at trial showed that Conquest had somehow gotten into a van being driven by Clifton Boole, as Boole was delivering dry cleaning. Conquest stabbed Boole several times, took control of the van and drove to an abandoned building. After the stabbing Conquest took all the money Boole had on him. Upon arrest, Conquest made several confessions to police officers which were admitted into evidence and not in issue here.

The actual killing of Boole was not contested at trial. Conquest instead contended that he was provoked by Boole into killing him. He was convicted and sentenced to two life sentences.

Conquest's petition for a writ of error was denied by the Virginia Supreme Court. He then filed a habeas corpus petition with the district court claiming, among other things, that the admission of his statement to the psychiatrist violated his fifth amendment rights. That court granted the petition for habeas corpus based on Conquest's fifth amendment claim. The district court relied upon this court's decision in *Gibson v. Zahradnick*, 581 F.2d 75 (4th Cir. 1978), that the admission of such evidence was violative of a defendant's fifth amendment rights. From that order the Commonwealth appeals.

In *Wainwright*, the Supreme Court ruled that petitioner Sykes was barred from raising a claim of violation of his *Miranda* rights through the vehicle of a federal habeas petition when he had not complied with the State's contemporaneous objection rule at trial to perfect that claim. There Sykes was tried for murder. At trial sever-

al statements made by Sykes to the police upon arrest were introduced without objection by defense counsel.[1] Sykes did not challenge the admission of the statements on appeal. Sykes later sought through his habeas petition to challenge the admissibility on the grounds that his *Miranda* rights had been violated.

The Supreme Court concluded that failure to follow the State contemporaneous objection rule barred Sykes from raising the constitutional claim in a federal habeas corpus proceeding. Failure to comply with Florida procedure amounted to an adequate and independent State procedural ground to prevent review through federal habeas corpus.

The Court went further and acknowledged that where a failure to adjudicate the claim through the federal habeas corpus vehicle would result in a "miscarriage of justice" to the criminal defendant, Id. at 91, the cause and prejudice exception of *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), may yet permit review.

The Court found no such exception in Sykes' case. It noted that Sykes offered no explanation for his failure to object, that the trial judge could not be faulted for his failure to raise the issue himself, and that there was substantial other evidence of guilt to negate any possibility of actual prejudice to the defendant.

This court has on several occasions applied *Wainwright* to prevent the raising of an issue in a federal habeas corpus proceeding where State procedural rules have not been followed. *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978) cert. den. 439 U.S. 876, 99 S.Ct. 215, 58 L.Ed.2d 191 (1978); *Satterfield v. Zahradnick*, 572 F.2d 443 (4th Cir. 1978) cert. den. 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978). Virginia had a contemporaneous objection rule which provided in pertinent part as follows:

This Court will not notice any objection requiring a ruling of the trial court unless

---

1. Defense counsel in *Wainwright* did object early during the trial to the introduction of the

statements on the basis that the elements of the crime had not yet been established.

the ground of objection was stated with reasonable certainty at the time of the ruling except for good cause shown or to enable this Court to attain the ends of justice.[2]

■ The Virginia courts have consistently applied this rule with little flexibility to prevent the appeal of issues not objected to at trial.[3] Not only must an objection be lodged when the alleged error is committed but a reason for the objection must be stated in order to comply with the rule.[4] Also, the Virginia Supreme Court has interpreted this rule so as to allow substantial compliance with it.[5] Thus if an objection is raised in such a manner so as to give the trial court notice of its substance, the rule will be deemed complied with even though the objection could have been more definitively given.

■ Here Conquest objected to the introduction of the confession on the grounds that it was not turned over prior to trial pursuant to his discovery motion. In this court, as in the district court, Conquest instead argues that his fifth amendment rights were violated by the introduction of the testimony. Clearly, Conquest did not substantially comply with Virginia's contemporaneous objection rule. His objection in no way could have given the trial court notice that a fifth amendment issue was being raised.

In attempting to counter the *Wainwright* bar, Conquest contends that the trial judge made his ruling based upon the fifth amendment argument even though it was not raised. Nothing in the record indicates that the trial court did more than consider the objection on the stated grounds, that it was in violation of the pretrial discovery motion. In fact the trial court specifically stated that the testimony was being admitted because the testimony was an admission and had been furnished to Conquest's first attorney, Mr. Curtis.

■ Having determined that Conquest did not comply with Virginia's contemporaneous objection rule, we should apply *Wainwright* absent a showing of cause and prejudice on the part of Conquest. We see no substantial difference in the facts of this case and those of *Wainwright.* In each case the questioned evidence was a confession; in each there was a State contemporaneous objection rule applied to evidence; in each there was no objection made in the State court on the ground asserted in the federal habeas corpus proceeding; in each no explanation was offered for the failure to object; and in each case there was substantial other evidence of guilt. In neither case could the trial judge be faulted for not excluding the evidence on his own account. The cases being on substantially the same facts, we are of opinion cause and prejudice has not been shown.

The judgment appealed from is accordingly

*REVERSED.*

HAYNSWORTH, Chief Judge, concurring in the result:

I think this case is within the exception to *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), but since I perceive no violation of any constitutional right, I agree that the writ of habeas corpus should have been denied.

There was good reason for defense counsel not to have objected to the psychiatrist's testimony on the basis of a violation of defendant's constitutionally protected privilege against self-incrimination. The trial was in 1976. *Gibson v. Commonwealth*, 216 Va. 412, 219 S.E.2d 845 (1975), showed that admission of the confession in a Virginia trial court was clearly unobjectionable. There was also prejudice. Conquest had

2. Va.Sup.Ct.R. 5:7. This rule has since been rewritten as Rule 5:21 with no change material here.

3. *Gooch v. City of Lynchburg*, 201 Va. 172, 110 S.E.2d 236 (1959); *Van Dyke v. Commonwealth*, 196 Va. 1039, 86 S.E.2d 848 (1955).

4. *Harlow v. Commonwealth*, 195 Va. 269, 77 S.E.2d 851 (1953).

5. *Overton v. Slaughter*, 190 Va. 172, 56 S.E.2d 358 (1949).

ught to show that confessions to police-en were involuntary, so that the psychiatrist's statements of Conquest's admission o him, including disclosure of the greedy motive, was surely calculated to influence the jury toward conviction. Thus I find both cause for the lawyer's failure to object and prejudice to the defendant. However, I find no violation of any constitutionally protected right, notwithstanding our decision in *Gibson v. Zahradnick*, 581 F.2d 75 (4th Cir. 1978).

In *Gibson*, the defendant, thoroughly out of touch with reality, was committed involuntarily to a state mental hospital. With medication, after time, he began to improve. Though told by a state-employed psychiatrist that he was free to talk about the death of his wife and father-in-law or not, he was told that it would be better if he talked about it. He then told the psychiatrist that he remembered killing his father-in-law, though he stated that he could not remember what happened after that.

We held admission in evidence of that confession to the psychiatrist was in violation of Gibson's right against self-incrimination. Gibson had been charged with the offenses. He was in custody. The examination was procured by the state, and not by Gibson. It was conducted by a state employed physician at a time when Gibson, at the very least, was in a poor condition to judge the consequences of his statements.

We have no such considerations here. Here, Conquest, through his lawyer, sought the examination. Since he was indigent, there was an application to the court for the appointment of a psychiatrist, but the only state action in arranging the examination was entirely at the behest of Conquest. Clearly it was the lawyer's hope that the psychiatric examination might produce some basis for a defense of insanity in a prosecution in which the only other possible defense was an extremely weak and fragile claim of self-defense.[1]

When a killer confides to a friend, we do not turn to a recitation of the principle that the state may not compel a defendant to incriminate himself. We simply recognize the fact that he is free to confide in a friend if he wishes and must suffer the consequences if the friend later betrays the confidence. Conquest confided in this private-practitioner-psychiatrist examining him on the basis of his own lawyer's request. If that confidence is now thought to have been unwise because Virginia does not recognize a physician-patient privilege in these circumstances, it does not disclose any violation of any federal constitutional right. *See Thornton v. Corcoran*, 407 F.2d 695, 700 (D.C.Cir.1969). It probably was not even unwise, since Conquest faced almost certain conviction if he was unable to develop a defense of incompetence at the time the crime was committed.

---

1. The victim was attacked from the back and stabbed 21 times.