**William GROOMS, Petitioner,**

v.

**J. P. MITCHELL, Superintendent, Respondent.**

**Civ. A. No. 80–0562–R.**

United States District Court, E. D. Virginia, Richmond Division.

Oct. 17, 1980.

---

4. This guideline is in obvious conflict with the "Questions and Answers" set out in Footnote 3.

Michael Morchower, Morchower & Associates, Richmond, Va., for petitioner.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

William Grooms, an inmate in the Virginia Correctional system, petitions the Court for a writ of habeas corpus, challenging his conviction in the Circuit Court of the City of Richmond on a charge of rape, for which he was sentenced to life imprisonment, and a charge of burglary, for which he was sentenced to a term of fifteen years. Petitioner contends that he is detained in violation of the Constitution in that he allegedly was denied effective assistance of counsel in the state court trial. Jurisdiction is founded on 28 U.S.C. § 2254. Counsel for both parties have fully briefed the issues, the Court has reviewed the state court records, and the matter is now ripe for disposition.

Petitioner makes three allegations in support of his claim that he was not afforded effective assistance of counsel at trial. First, he states that his court appointed counsel neglected to impeach the victim's testimony at trial, regarding the time of the offense and her description of the attacker, with prior contradictory statements. Second, Grooms claims that his attorney failed to subpoena the custodian of medical records at the hospital where he sought treatment on the day of the offense, and that this omission was prejudicial in that the records were corroborative of Grooms' explanation for being near the scene of the crime. Third, he alleges that his attorney neglected to subpoena the records of a local pawn shop, which allegedly show that his wristwatch was in the shop on the date of the offense. These records are claimed to be exculpatory evidence in that the victim testified that her assailant wore a watch.

In 1977, Grooms, through his present counsel, filed a petition for habeas corpus in the Richmond Circuit Court. That petition claimed that Grooms had been denied effective assistance of counsel, based on the failure of Grooms' counsel at trial to move for the suppression of incriminating statements allegedly obtained from Grooms in violation of his Constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Respondent moved for a bill of particulars, which sought to determine whether the failure to object to admission of the incriminating statements was the sole grounds relied upon by Grooms for his claim of ineffective assistance of counsel. Grooms' counsel filed a bill of particulars, which specifically stated that the failure of the trial counsel to object was "the only manner in which petitioner alleges he was denied the effective assistance of counsel." The Circuit Court, after a hearing, denied the petition. On November 15, 1977 Grooms appealed to the Supreme Court of Virginia, which affirmed the Circuit Court's denial of the petition.

On February 7, 1979, Grooms filed with this court a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition contained the allegation concerning the trial counsel's failure to object to introduction into evidence of Grooms' incriminating statements, as well as the three additional claims presently asserted. By order dated April 27, 1979, the Court (Warriner, J.) dismissed on the merits the claim of ineffective assistance of counsel based on the failure to object to the admission of Grooms' statement. The other three claims were dismissed without prejudice, pursuant to 28 U.S.C. § 2254(b), because they had not been submitted to the state court for consideration.

On July 9, 1979, Grooms filed a second state habeas petition, based on the three claims presented in the instant petition. The petition was dismissed, on the grounds

that the facts upon which petitioner's claims were based were known to him at the time that he filed the first state habeas proceeding, but were not raised therein. Petitioner perfected an appeal to the Virginia Supreme Court, which affirmed the Circuit Court on November 30, 1979. On July 17, 1980, Grooms filed the federal habeas petition now before the Court.

Respondent admits that this court is possessed of jurisdiction, in the sense of judicial power, to entertain the instant petition. However, respondent appropriately argues that the petition should be dismissed because Grooms failed to present the claims now urged in the first state habeas proceeding. Such an omission, respondent urges, absent a showing of good cause, amounts to a deliberate bypass of a state remedy, which mandates that the Court decline to exercise its jurisdiction.

The Virginia habeas statute provides that a petition for habeas corpus

shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code § 8.01–654(B)(2). Petitioner does not claim that he was unaware of the factual bases of the three claims now made at the time of the filing of the first state habeas. On the contrary, he forthrightly concedes that the decision not to include them at that time was knowing and deliberate. He argues, however, that the Court should exercise jurisdiction over the present action because the decision not to press all known claims in the first state habeas was based upon a "miscalculation", *i. e.* upon the belief that the claim concerning trial counsel's failure to object to admission into evidence of petitioner's incriminating statements would be considered by the state court to be sufficient grounds for issuance of the writ, making any additional claims "unnecessary." The Court cannot, and will not, adopt this view. The fact that the

decision to forego the three claims now pressed in the first state habeas appears in retrospect to have been imprudent is immaterial. It is sufficient that the state procedural requirement embodied in Va. Code § 8.01–654(B)(2) is reasonable, that petitioner had fair notice of it, and that his failure to comply with it was a knowing decision, apparently based on tactical considerations.

The Supreme Court considered a case involving failure to comply with a similar state habeas statute in *Murch v. Mottram*, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972). Citing *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), which held that federal prisoners seeking habeas must assert all known claims in one proceeding, the Court stated that

[t]here can be no doubt that States may likewise provide, as Maine has done, that a prisoner seeking post–conviction relief must assert all known constitutional claims in a single proceeding.... No prisoner has a right either under the Federal Constitution or under 28 U.S.C. § 2241 to insist upon piecemeal collateral attack on a presumptively valid criminal conviction in the face of such a statutory provision.

409 U.S. 41, 45–46, 93 S.Ct. 71, 73, 34 L.Ed.2d 194. The Court went on to state that a petitioner's contention that he did not have the subjective intent to waive the claims not made at the first state habeas proceeding is unavailing:

In this sensitive and ofttimes strained area of federal–state relations, a state prisoner may not deliberately 'elect' not to comply with the interpretation of the state procedural statute by the state court, and then assert in federal court that no rights were waived because he did not have the subjective intent to waive his constitutional claims.

409 U.S. 41 at 46, 93 S.Ct. 71 at 73, 34 L.Ed.2d 194. The instant case manifestly comes squarely within the *Mottram* holding. The bill of particulars filed in the first state habeas specifically disavowed any claims other than that based on trial counsel's

failure to object to admission of Grooms' incriminating statements. Apparently petitioner and his counsel believed at the time that his strongest claim was the trial counsel's failure to object to admission of the incriminating statements, and that exclusive reliance upon it was strategically sound. The fact that hindsight has shown that reliance to have been misguided is no justification for this court to allow piecemeal collateral attack, in light of the concern for comity and federalism expressed in *Mottram* and strongly reaffirmed in a number of intervening decisions involving federal habeas corpus. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

The writ will not issue.