Charles Edward **SMITH**

v.

Rufus **BAKER, Warden, et al.**

Civ. A. No. 85–0390–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 31, 1985.

Charles Edward Smith, pro se.

Jacqueline G. Epps, Sr. Asst. Atty. Gen., Richmond, Va., for respondents.

OPINION

WARRINER, District Judge.

On 16 April 1985, petitioner, proceeding *pro se* and *in forma pauperis,* submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On 9 May respondents submitted a motion to dismiss. Petitioner rebutted on 4 June. By opinion and order of 28 June, the Court directed the parties to argue further several issues raised by the petition. On 26 July respondents submitted a supplemental motion to dismiss and motion for summary judgment to which petitioner responded on 23 September. Respondents' motion is ripe for consideration. The Court exercises jurisdiction under 28 U.S.C. § 2241.

Petitioner's present imprisonment results from his conviction on 14 May 1982, in the Circuit Court of Powhatan County of the offenses of breaking and entering and grand larceny. Petitioner was sentenced to twenty years confinement in the Virginia State Penitentiary.

Although the above convictions are responsible for petitioner's present imprisonment, he does not attack them directly but instead challenges in the instant petition a

misdemeanor conviction received 5 January 1985. Petitioner has long since served the sentence he received as a result of his conviction of that misdemeanor. The relevance of the misdemeanor conviction to petitioner's present imprisonment becomes clear only upon an examination of the facts he has alleged. These follow.

On 29 March 1981, a U–Haul truck was stolen from the U–Haul lot in Richmond, Virginia. The truck was driven to Powhatan County where it was used the same evening in the burglary of a building owned by the Davis Merchant Equipment Company. The building was broken into and a number of tractors, mowers, and other items were removed and placed in the U–Haul truck. Officers in a police cruiser passing by the building noticed the presence of the truck and became suspicious. When the truck pulled out from the building, the officers followed it and presently forced it to stop. In the cab of the truck was one man, Terry Lee Gregory. In the back were items taken from the building owned by the Davis Merchant Equipment Company.

Sometime after his arrest on charges of breaking and entering and grand larceny, Mr. Gregory informed the police that he had not committed the offenses alone. He claimed that petitioner, Charles Edward Smith, had aided him in both stealing the truck in Richmond and carrying out the burglary in Powhatan County. On the basis of Mr. Gregory's statement, the police arrested petitioner and charged him with the theft of the U–Haul truck as well as breaking and entering and grand larceny at the Davis Merchant Equipment Company.

Smith was scheduled to go to trial first on the charge of theft of the U–Haul truck. According to petitioner, his defense counsel negotiated a plea bargain with the police that he advised Mr. Smith to accept. The terms of the plea bargain were that if Mr. Smith pled guilty to the theft of the truck, the grand larceny charge against him would be reduced to a misdemeanor and he would receive a six month sentence with six months suspended. Since Smith at the time of trial had already been in jail six months, no further imprisonment would result from his conviction of the misdemeanor. Smith claims he questioned his lawyer as to whether his admission to the theft of the truck might not later be used against him in his upcoming trial for the robbery at the Davis Merchant Equipment Company. Defense counsel assured Smith that the conviction could not be used against him unless he took the stand to testify. Smith then pleaded guilty to the misdemeanor charge and received a six month sentence.

On 14 May 1982, Smith was brought to trial on the charges arising from the burglary at the Davis Merchant Equipment Company. The testimony at trial consisted primarily of the two officers involved testifying as to the details of the break-in and Mr. Gregory's arrest, described above, and Mr. Gregory's testimony that Smith had been involved in and, in fact, masterminded the entire operation. Finally, the Commonwealth elicited from Mr. Gregory's lawyer the damning testimony that he had heard petitioner plead guilty in Richmond General District Court to stealing the U–Haul truck. This testimony was allowed in despite defense counsel's imaginative argument that it was irrelevant. Petitioner did not take the stand. The jury found Smith guilty on both counts and the judge sentenced him to ten years on each count, the sentences to run consecutively.

The essence of Smith's complaint is this; his counsel, Mr. Geary, misinformed him when he told Smith that a plea of guilty to the misdemeanor charge could not later be used against him. In fact, it was used and was, as the prosecution admitted, "critical" to their case against him. Smith argues that had he known the risk involved in accepting what was otherwise a desirable plea bargain, he would never have pled guilty. Because his misdemeanor conviction was based on false information, it was without effective assistance of counsel and therefore invalid. He attacks this misdemeanor conviction because it was of crucial importance in convicting him of the offenses for which he is now imprisoned.

Following his conviction, Smith filed a petition for habeas relief in the Circuit Court of the City of Richmond. In this first State petition he made in fragmentary form the claim he brings in the present petition. By order of 17 January 1984, the Circuit Court rejected his petition, finding its allegations legally "insufficient to affect the validity fo the conviction." Petitioner failed to appeal the Circuit Court's denial of his petition to the Virginia Supreme Court. On 29 August 1984, he filed a petition for a writ of habeas corpus in the Virginia Supreme Court. Here, he alleged, *inter alia,* that his guilty plea was "involuntary by virtue of his inducement to plead guilty by misrepresentation of his court-appointed counsel and his ignorance of the consequences of the plea." Further on in the petition, Smith clarified this claim, stating:

Defense counsel was also ineffective because he advised petitioner to plea bargain. While petitioner emphasized grave concern about the use of his guilty plea against him in a pending trial, defense counsel erroneously assured him that the guilty plea or conviction could not, by law, be used against him by the Commonwealth. The advice to plea bargain was based on defense counsel's ignorance and lack of preparation rather than an informed professional opinion.

On 1 February 1985, the Virginia Supreme Court denied the petition for the writ on the ground that "no writ should be granted on the basis of any allegation, the facts of which the petitioner had knowledge at the time of filing any· previous petition. Va. Code § 8.01–654(B)(2)." Petitioner then filed the instant federal petition.

■ Despite the complexities of petitioner's claim and its potential for confusion, the Court finds that the Virginia Supreme Court had before them an adequate statement of petitioner's claim. Although petitioner is, in essence, seeking to have his felony convictions set aside, his success in doing so is predicated upon his demonstrating that his misdemeanor conviction is invalid. The Virginia Supreme Court has had before them the issue of the validity of petitioner's guilty plea to that offense. They have declined for procedural reasons to give relief on that ground. The Court finds that petitioner has met the exhaustion requirements imposed by 28 U.S.C. § 2254(b) as to his claim that his guilty plea to the misdemeanor charge was involuntary.

■ While the Virginia Supreme Court has had an opportunity to pass upon the merits of petitioner's claim sufficient to satisfy § 2254(b), it is evident that they have not considered his claim on the merits because of their finding that petitioner had been guilty of procedural default. In denying petitioner's second State habeas petition, the Virginia Supreme Court cited Va. Code § 8.01–654(B)(2) which reads, in pertinent part: "No writ shall be granted on the basis of any allegation, the facts of which petitioner had knowledge at the time of filing any previous petition." The Court's citation of this section indicates that it found petitioner's claim procedurally barred because he failed to adequately present it in his first State habeas petition. The present question is whether the Virginia Supreme Court's finding of a procedural bar constitutes an adequate and independent State ground which prohibits this Court from considering the merits of petitioner's claim. The Court finds that it does.

The question of whether there has been a procedural default in this case should be evaluated with reference to *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), which held that a State finding of procedural default would bar federal habeas review unless both "cause" excusing the default and "prejudice" resulting from non-review could be shown. *See also Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980).

Upholding application of the State procedural bar requires answering two questions in the affirmative: the first is whether the State procedural rule serves an adequate State interest, *see Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408

(1965), the second is whether the rule has been reasonably applied. The first question has been settled by the Supreme Court's holding in *Murch v. Mottram,* 409 U.S. 41, 45, 93 S.Ct. 71, 73, 34 L.Ed.2d 194 (1972) that a State may reasonably require "that a prisoner seeking post-conviction relief must assert all known constitutional claims in a single proceeding." *See also Grooms v. Mitchell,* 500 F.Supp. 137 (E.D. Va.1980) (finding State application of Va. Code § 8.01–654(B)(2) precluded federal habeas review). The remaining question is whether § 8.01–654(B)(2) was fairly applied in this instance. In petitioner's first State habeas petition which he filed in circuit court, he made the following allegations:

> Ineffective assistance of counsel, *i.e.,* Mr. Geary my attorney led me to believe I would be found guilty of unauthorized use of a motor vehicle. He was aware of another charge I had pending in Powhatan Circuit Court. And that this charge if convicted would be used against me ... I do not feel that Mr. Geary had my best interest in mind when he insisted I make a plea knowing that this would be used against me at a later date.

Although the specific claim petitioner brings here can be recognized in the above quotation, it is evident that the vague and incomplete way in which it was presented deprived the Virginia courts of any chance to pass upon the merits of his claim. It is simply impossible to tell from the above quoted section how Mr. Geary's representation had been ineffective. Missing from this first petition are vital details establishing that Mr. Geary actually misled petitioner as to the consequences of his plea and that his guilty plea was in consequence involuntary. What petitioner presented suggested only his disagreement with his counsel's advice.

Although he made some attempt, in essence petitioner failed to present the instant claim in his first State habeas petition. Accordingly the Virginia Supreme Court's application of § 8.01–654(B)(2) to bar review was justified and presents a procedural bar to this Court's review of Smith's claim absent a showing of "cause" and "prejudice." *See Wainwright, supra.*

Smith has the burden of demonstrating such "cause" and "prejudice" as to excuse his procedural default. He has not done so and the facts of this case do not suggest that he could. The procedural default that occurred in this case arises from petitioner's failure to adequately present known grounds for relief. While the Supreme Court has left the definition of "cause" somewhat hazy, it is clear that failing to seek review through this type of neglect does not suffice. *See Wainwright, supra.* The Court finds, therefore, that review of petitioner's claims is barred and that his petition for a writ of habeas corpus must be DENIED because of his failure to comply with State procedural requirements and the Virginia Supreme Court's subsequent finding of procedural default.

An appropriate judgment shall issue.

Should petitioner wish to appeal, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof.