George F. ALLEN, Petitioner-Appellant,

v.

Henry RISLEY, Warden, Montana State Prison, Respondent-Appellee.

No. 85–3804.

United States Court of Appeals, Ninth Circuit.

Submitted March 24, 1987.

Decided May 7, 1987.

George F. Allen, Kalispell, Mont., for petitioner-appellant.

Joe R. Roberts, Helena, Mont., for respondent-appellee.

Before WRIGHT, FARRIS and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Petitioner George F. Allen appeals the district court's summary dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

In May 1980, appellant George F. Allen was arrested on charges of sexual intercourse without consent and incest. Just before arraignment in July, the information was amended to charge sexual assault.[1] Allen pleaded guilty and the judge deferred sentencing pending Allen's participation in a psychotherapy program. In November 1980, Allen was sentenced to 20 years in prison, subject to resentencing after a 45-day evaluation by prison staff.

In January 1981, a resentencing hearing was held at which the 20 year sentence was left unchanged. Allen's counsel moved to withdraw the guilty plea on the ground that the prosecutor had breached a plea agreement with Allen. Allen had believed that the prosecutor would recommend a suspended sentence and permit the withdrawal of his plea if the court did not agree. The motion was denied and Allen appealed. The Montana Supreme Court, after remanding for an evidentiary hearing, held that the prosecutor had not breached any plea agreement. The court found the prosecutor agreed only *not to oppose* a suspended sentence.

Allen next moved *pro se* to withdraw his guilty plea on the ground that *his* attorney had misrepresented the plea agreement. The Montana Supreme Court denied Allen's petition for postconviction relief because Allen failed to raise the issue of his attorney's misrepresentations at the earlier appeal.[2]

Allen next applied to the United States District Court for the District of Montana

---

1. Under Mont. Code Ann. § 45–5–503(3), sexual intercourse without consent carries a mandatory minimum sentence of two years' imprisonment. Sexual assault carries a maximum twenty years' sentence with no mandatory minimum.

2. Mont.Code Ann. § 46–21–105 provides that matters which could reasonably have been raised on direct appeal are waived for purposes of postconviction relief.

for a writ of habeas corpus. When his petition was dismissed without a hearing, he timely appealed.

We review *de novo* a district court's denial of a habeas petition. *Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985).

Allen seeks federal habeas relief on the ground that his own attorney misrepresented the plea bargain and rendered his guilty plea involuntary. Allen is barred from raising this issue in the Montana courts because of a procedural rule. In our analysis of his petition, we must first determine whether the state court procedural default precludes federal habeas review.

In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that most habeas petitioners barred from state court relief by a procedural default are also barred from federal habeas unless they can show "cause" for and "actual prejudice" from such default. *Id.* at 87–91, 97 S.Ct. at 2506–08; *see also Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984).[3] This doctrine was recently reaffirmed in *Murray v. Carrier,* — U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986):

> So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under [*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. *Id.* 106 S.Ct. at 2645–46.
>
> Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external im-

pediment preventing counsel from constructing or raising the claim. *Id.* at 2648.

*See also Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986); *Reiger v. Christensen,* 789 F.2d 1425, 1427–28 (9th Cir.1986); *Matias v. Oshiro,* 683 F.2d 318, 321 (9th Cir.1982).

As we read these authorities, Allen's state procedural default bars him from federal habeas review unless he can show "cause" (as explained in the passage from *Murray* above) and "prejudice," which, according to *Wainwright v. Sykes,* requires that he challenge the merits of his conviction. *See Wainwright,* 433 U.S. at 91, 97 S.Ct. at 2508. Allen has done neither. He has shown no "external impediment" preventing his attorney from raising his present claims at the first appeal.[4] He has not claimed that his conviction was wrongful.

AFFIRMED.

---

**3.** The Court has emphasized that these limitations on a prisoner's access to habeas are not jurisdictional, but rather discretionary, implicating considerations of federal-state comity, efficiency, and the finality of convictions. *E.g., Reed v. Ross,* 468 U.S. at 9, 104 S.Ct. at 2906.

**4.** We recognize that attorneys are unlikely to urge their own deficiencies as the basis for an

appeal. Short of an argument that his counsel was ineffective on appeal, however, we discern no exception to the "cause and prejudice" test available to Allen. Allen has not claimed, in this proceeding or before the state court, that his counsel was constitutionally ineffective on appeal.