**Kenneth L. TITCOMB,**
**Petitioner–Appellant,**

v.

**COMMONWEALTH OF VIRGINIA;**
**Judy Wyant, Respondents–Appellees.**

No. 87–7588.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1988.

Decided Feb. 10, 1989.

Rehearing and Rehearing In Banc
Denied March 23, 1989.

---

Gary Raymond Hershner (Morrissey & Hershner, on brief), James Broome Thorsen (Thorsen & Page, on brief), Richmond, Va., for petitioner-appellant.

Eugene Paul Murphy, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., on brief), Richmond, Va., for respondents-appellees.

Before RUSSELL, MURNAGHAN and SPROUSE, Circuit Judges.

RUSSELL, Circuit Judge:

The appellant herein, a Virginia prisoner, appeals the denial of *habeas* relief from his rape and sodomy convictions. This appeal follows the disposition in two prior State petitions for *habeas* relief. The first of these State petitions raised basically a claim of ineffective representation by appellant's retained counsel. "[A]fter hearing the evidence at a plenary hearing in that proceeding," the Circuit Court denied the writ. That denial was affirmed on appeal by the Virginia Court of Appeals in a reported decision, *Titcomb v. Wyant*, 1 Va. App. 31, 333 S.E.2d 82 (1985). The appellant unsuccessfully petitioned for appeal from this decision to the Virginia Supreme Court. Some months after denial of the writ in this proceeding, the appellant filed his second State petition, which he characterized as a "Motion to Vacate Conviction" but which was construed and disposed of by the Virginia Supreme Court as a *habeas* application. In this second application, he raised substantially the same issues as he had in his first petition with this addition: he charged a *Brady*[1] violation in that the Commonwealth had failed to disclose to him before or at trial the record prepared by the Virginia State Police of an investigation by its officers of the facts involved in the charges herein, including specially the officers' account of their interviews of the prosecutrix. The appellant contended this failure represented "the suppression of evidence by the Prosecution, and the use of testimony known to be perjured by these same authorities." The State Circuit Court denied this second application for a *habeas* writ, reaching the same decision as it had earlier in its prior decision on all the claims other than that of "suppression of evidence." On the new claim in this second *habeas* petition, the State Circuit Court denied relief. The appellant then refiled his petition in the Virginia Supreme Court, which, after construing the appellant's motion to vacate as a second *habeas* action, dismissed anew the *Brady* claim for procedural default under state statutory law.

Some five or six months later, the appellant filed his federal *habeas* petition which is the subject of this appeal stating substantially the same grounds for relief as he had set forth in his second State petition. The District Court, in an opinion reviewed all the claims stated, and after an analysis of the record, dismissed all of them on the merits. On the *Brady* claim, the Court, after first referring to the decision of the Virginia Supreme Court dismissing this claim "on the grounds that 'no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition,'" declared, "[t]hus, it would appear that federal *habeas* review of this claim is barred absent a showing of cause and prejudice by the petitioner for such default." But it did not decide the case on that ground but chose to decide the claim on the merits. It did so "because the Commonwealth has failed to raise this issue and has elected instead to address the merits of petitioner's claim," and because of that "this court shall do likewise." After a full review of the claim on the merits, the Court found that the petitioner was not entitled to relief. It accordingly denied the claim. We affirm the dismissal of all the claims for relief by the defendant, though we dispose of the *Brady* claim as barred by the petitioner's procedural default and find no occasion to review in detail the claim on the merits. Since we affirm on the reasoning of the District Court all the other claims of the appellant on the merits, we

---

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

will confine our discussion in this appeal to the *Brady* claim of the appellant.

## I.

The Virginia Supreme Court dismissed the *Brady* claim first asserted by the appellant in his second *habeas* action because of the appellant's violation of Section 8.01–654.B.2, Virginia Code (1950, as amended).[2] The Virginia Supreme Court in its order of dismissal said:

On consideration whereof, the Court is of opinion that the writ of habeas corpus should not issue on grounds that no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition. Code § 8.01–654.B.2. It is therefore ordered that the said petition be dismissed and that the Commonwealth recover of the petitioner all unpaid fees and costs in this case which are to be taxed by the clerk.

The appellant does not contest his procedural default under this statute. Nor could he well do so under the undisputed record. In his first *habeas* action, he had not charged a *Brady* violation. However, the facts on which he later in his second petition based his *Brady* claim were already available to him at the time he filed this action. Those facts were made known to him when the pre-sentence report was filed. That report had included the undisclosed State Police investigation, with its account of the prosecutrix's statement to the investigating officers. Manifestly, the appellant's admitted failure to assert his *Brady* claim in his first *habeas* action, even though the facts on which such claim could be raised were already available to him, barred him from asserting it later in a second petition if Section 8.01–654.B.2 is a valid exercise of state power.

The appellant does not challenge the constitutional validity of Section 8.01–654.B.2.

Statutes similar to Section 8.01–654.B.2 have been accepted as free of constitutional infirmity since the decision of the United States Supreme Court in *Murch v. Mottram*, 409 U.S. 41, 46, 93 S.Ct. 71, 73, 34 L.Ed.2d 194 (1972). Moreover, Virginia federal courts in *habeas* actions have repeatedly upheld decisions of the Virginia State courts' dismissing such actions for procedural default resulting from a violation of this state statute. *Smith v. Baker*, 624 F.Supp. 1075, 1077–8 (E.D.Va.1985); *Grooms v. Mitchell*, 500 F.Supp. 137, 139–40 (E.D.Va.1980). And where a claim in a state petition has been denied relief at the state level for procedural default under a state statute or established state procedure such as the statute involved here, it is well settled that such denial forecloses any right to *habeas* relief in a subsequent federal action asserting such claim as a basis for relief, absent a showing of cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2644–46, 91 L.Ed.2d 397 (1986); *Conquest v. Mitchell*, 618 F.2d 1053, 1056 (4th Cir.1980); *Lindsey v. Smith*, 820 F.2d 1137, 1142–43 (11th Cir.1987); *Allen v. Risley*, 817 F.2d 68, 69 (9th Cir.1987); *Cook v. Foltz*, 814 F.2d 1109, 1111 (6th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 119, 98 L.Ed.2d 77 (1987); *Cuevas v. Henderson*, 801 F.2d 586, 589 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1354, 94 L.Ed.2d 524 (1987); *Smith v. Wainwright*, 777 F.2d 609, 614 (11th Cir.1985), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986). We have precisely that situation here.

It is, however, the position of the appellant that the State, by failing to plead in its initial pleading in the District Court (irrespective of the fact that it may have in its second response) the procedural default bar effectively waived any right, even a right

---

**2.** The Virginia habeas statute provides that a petition for habeas corpus

shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

in a subsequent pleading, to claim procedural default as a defense to appellant's federal habeas claim and is thereby foreclosed from relying on that defense which, had it been pled initially, would have absolutely barred appellant's right to federal habeas relief, there being no "cause and prejudice" claim by the appellant. It relies on the recent decision in *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) as authority for this position. We do not construe *Granberry* as providing any support to appellant's contention.

In *Granberry*, which was a non-exhaustion case and not, as here, a procedural default defense, the State had not raised the non-exhaustion in the District Court habeas proceedings and had only raised such plea for the first time in appellant's appeal to the Court of Appeals. In this case, on the other hand, while the procedural default defense had not been pled by the State in its initial motion to dismiss it would appear that it did raise it in its second response, and if it did not, the issue was clearly put in issue by the admission of the Virginia Supreme Court decision as a part of the record in the case. The basis for the defense was the order of the Virginia Supreme Court dismissing finally appellant's *Brady* claim for procedural default. That order was conclusive on the issue. As we have said, it was admitted as a part of the record in the District Court and it was before the District Court when it reached its decision. Under such circumstances when the evidence necessary to establish the procedural defense is in the record without objection, and when that defense is the overriding issue in the case, conclusive against appellant's claim, the issue so established is "to be treated in all respects as if [it] had been raised in the pleadings" and while the tidy way to handle the matter would be a motion to conform the pleadings to the evidence, "failure so to do does not affect the result of the trial of [this issue]." Rule 15(b), Fed.R.Civ.P.; *see also Corsica Livestock Sales v. Sumitomo Bank of Cal.*, 726 F.2d 374, 377 (8th Cir. 1983); *Carlyle v. United States Dept. of the Army*, 674 F.2d 554, 556 (6th Cir.1982); *Agri. Services Ass'n, Inc. v. Ferry–Morse Seed Co.*, 551 F.2d 1057, 1069 (6th Cir. 1977); *Norris v. Bovina Feeders, Inc.*, 492 F.2d 502, 506 (5th Cir.1974).

What, in reality, the appellant requests this Court to do in this case is to disregard the undisputed evidence in the record of a holding by the State Court, relying on a valid State statute, that his habeas plea is forever barred from relief by reason of a plain and admitted procedural default on his part and, even though the record both in the District Court and here established this holding by the State Court, to declare conclusively that we will give no effect to the State Court decision because the State had not expressly pled in its first pleading in the District Court procedural default, even though the evidence of the State procedural default bar had been proved and was before the District Court in reaching its decision and even though, by Rule 15(b) that defense was properly before the District Court, whether expressly pled or not. Moreover, in *Granberry*, the Supreme Court quoted with approval from *Rose v. Lundy*, 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982), which in turn quoted from *Ex Parte Hawk*, 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944), that comity was " 'a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' " Even if we were to assume, contrary to the undisputed facts in this case, that the procedural default defense had been neither pled nor proven, it would seem to be a violation of those rules of "comity and federalism" were we to disregard the decision of the Virginia Supreme Court and proceed to dispose of the *Brady* claim on the merits, knowing full well, as we do on the undisputed record before us, that the assertion of such *Brady* claim was barred by the appellant's procedural default as found by the Virginia Supreme Court in a decision included in the record before us.

We might add—though it is not relevant to this appeal, which is not a non-exhaustion but a procedural default case—that *Granberry* said unmistakably that "[t]he appellate court is not required to dismiss for non-exhaustion notwithstanding the State's failure to raise it, and the Court of Appeals is not obligated to regard the State's omission as an absolute waiver of the claim" but the obligation of the appellate court when confronted with a non-exhaustion claim not raised in the District Court, is to "determine whether the interests of comity and federalism will be better served by addressing the merits forthwith, or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." 107 S.Ct. at 1674 and 1675.[3] Assuming that this was a pure non-exhaustion claim, we could not, obedient to *Granberry*, consider the *Brady* claim on the merits before addressing "the question whether comity and federalism would be better served" by considering "the merits forthwith or by requiring a series of additional state and district court proceedings" before reviewing the claim on the merits. As we have already observed, should that test be applied in this context, there can be no question that comity and federalism would weigh overwhelmingly in favor of dismissal.

The dismissal of the appellant's *habeas* petition herein is affirmed for the reasons assigned by the District Court in its opinion, except for that Court's disposition of the appellant's *Brady* claim which we hold the District Court should have dismissed for procedural default under *Sykes*, concluding that it was unnecessary both for that Court and for us to review that claim on the merits. We accordingly affirm the District Court's dismissal of the *Brady* claim for procedural default.

AFFIRMED.

MURNAGHAN, Circuit Judge, concurring:

Since all roads lead to Rome, I concur. However, that is so because the *Brady* claim, when addressed on the merits, fails to establish "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). It would be on those grounds that I would affirm dismissal of the *Brady* claim on the merits.

As for the procedural approach to the *Brady* claim, disposition of it on procedural grounds which the majority has adopted as a rationale is merely a device for punishing the procedurally defective party, for reasons of comity among others. Had Titcomb's *Brady* point had merit, and only Titcomb had defaulted procedurally, a desire for efficient and effective functioning of the courts would have outweighed consideration of a meritorious point in the single case. Here, however, *both* parties have been procedurally defective in not raising issues they could have raised.[1] If

---

**3.** There is another significant difference between this case and *Granberry*. Lack of exhaustion did not surface in *Granberry* until the case reached the Court of Appeals; in this case, the procedural default in the state proceedings which precludes federal habeas relief appeared and was recognized as precluding relief in the District Court. The record in the State Court was before the District Court when it considered and decided this case. *As the District Court plainly said, the state record demonstrated beyond any doubt that the appellant in this case was precluded from maintaining his federal habeas relief.*

**1.** In its own brief, the Commonwealth conceded that "the [district] court proceeded [to] the merits of that issue [the *Brady* claim] because the Commonwealth had not raised that bar in its

[second] motion to dismiss." Indeed, the Commonwealth did raise the *Wainwright* defense in its second motion to dismiss, but only with respect to the petitioner's claims of jury coercion, perjured testimony and after discovered evidence.

Reluctantly acknowledging that the Commonwealth may have failed to assert the *Wainwright* defense before the District Court as to the *Brady* claim, the majority attempts to amend the pleadings of the Commonwealth to correct the oversight. The majority relies heavily on the fact that the decision of the Virginia Supreme Court declaring the procedural default bar as to the petitioner's *Brady* claim was before the District Court as part of the record. Thus, the "pleadings" in District Court should be amended to conform to the evidence under Fed.R.Civ.P.

the *Brady* claim on the merits had been one which, if reached, should have been decided in Titcomb's favor, it would to me appear a shocking denial of justice when he was being punished for failure properly to raise the issue when the state had been as much at fault in a completely analogous way. The punishment, when only one party has been at fault, may be justified on grounds of judicial economy and disregard of plainly stated rules. However, when the state has disregarded the rules also, the other party should be allowed to proceed with a contest on the merits.[2]

Two wrongs may not make a right, but on occasion they will minimize what otherwise would appear to be a gross injustice. It may be slight solace, but being incarcerated for the right reason may be more tolerable than being incarcerated for the wrong reason.

15(b). I disagree because a Rule 15(b) amendment is inapplicable in the present instance.

Rule 15(b) provides that "[w]hen issues not raised by the pleadings are *tried* by express or implied *consent* of the parties, they should be treated in all respects as if they had been raised in the pleadings." (Emphasis added). There was no trial (or hearing) held by the district court, although the petitioner had requested one. Furthermore, there is nothing in the record before us that suggests that the petitioner consented to such "evidence," either expressly or implicitly. There is, on the other hand, every indication that the petitioner would be prejudiced by an unrequested amendment. Finally, the petitioner, in his reply brief, did specifically object to the Commonwealth's delayed assertion of the *Wainwright* defense, which it raised for the first time on appeal after realizing its mistake in the District Court.

2. It appears that the Fourth Circuit has had no occasion to address this issue. However, recent decisions in other circuits have held that the State, having failed to raise the procedural default defense in district court, is now itself precluded from relying on it at the appellate level. *See United States ex rel. Bonner v. DeRobertis,* 798 F.2d 1062, 1066 (7th Cir.1986) (state waived protection of *Wainwright* doctrine by its inattention to it); *Barrera v. Young,* 794 F.2d 1264, 1269 (7th Cir.1986) (same); *Boykins v. Wainwright,* 737 F.2d 1539, 1545 (11th Cir.1984), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985) (state's failure to raise procedural default in district court precludes state from raising waiver issue in court of appeals); *Batchelor v. Cupp,* 693 F.2d 859, 863–64 (9th Cir.1982), *cert. denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983) (same); *Washington v. Watkins,* 655 F.2d 1346, 1368 (5th Cir. 1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982) (same).