[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the respondent's motion to quash an amended petition for the issuance of a writ of habeas corpus. The ground for the motion is the petitioner's failure to allege any "cause and prejudice" concerning the petitioner's failure to raise the issue of underrepresentation in the jury array from which the petitioner's jury was selected at his trial or on appeal.
The petitioner's position is that, unlike "deliberate bypass," "cause and prejudice" need not be alleged by the petitioner in his petition, but rather CT Page 6664 the respondent has the burden of raising the defense of procedural default in the first instance. The petitioner acknowledges that, under the holding in Johnson v. Commissioner. 218 Conn. 403 (1991), once such an issue is raised by the respondent, the burden of proof is on the petitioner to demonstrate cause and prejudice, but, nevertheless, the respondent must raise the claim of procedural default before such a burden of proof arise.
Also, the petitioner argues that the respondent's motion to quash amounts to a "speaking" demurrer, in that the petition does not allege nor concede that any procedural default with respect to the jury array question occurred.
 I
The Court addresses the last-mentioned issue first. A motion to quash which relies on facts outside of those contained in the allegations in the petition amounts to a speaking demurrer, Adamsen v. Adamsen, 151 Conn. 172
(1963), p. 176. Such extraneous material is not the proper subject matter of a motion to quash, Ibid. The Court must first determine whether the allegations in the amended petition justify a conclusion that the petitioner failed to raise seasonably his objection to the jury array process at trial or on appeal.
Paragraph three of the amended petition reads as follows:
"Petitioner has not deliberately bypassed the avenue of direct appeal in that:
a. He is untutored in the law and was unaware of the basis of the claims raised herein and/or the means to raise and present such claims at trial and/or on appeal; and/or
b. He did not intelligently, knowingly, and voluntarily waive his right to appeal such claims.
The fair implication of this paragraph, which details reasons why the petitioner did not deliberately fail to raise this issue at trial and an appeal, is that the issue was not raised on either level. Therefore, this motion to quash is not based on facts outside those pled in the amended petition. CT Page 6665
 II
Turning to the ground asserted by the respondent in the motion to quash, it is his claim that, because the Johnson case, supra, supplemented the "no deliberate bypass" standard with the "cause and prejudice" standard of reviewability, and because no deliberate bypass must be alleged, Turcio v. Manson, 186 Conn. 1 (1982), p. 3; and Payne v. Robinson, 207 Conn. 565 (1988), p. 568, cause and prejudice must likewise be alleged. The petitioner counters that the Johnson case, supra, adopted the federal standard, as announced in Wainwright v. Sykes 433 U.S. 72 (1977), and that federal case law indicates that cause and prejudice need not be alleged in the petition. The Court agrees with the petitioner.
It should be noted that in the Johnson case, supra, the respondent successfully argued that habeas petitioners must prove cause and prejudice in the face of procedural default. Consequently, the Johnson case, supra, did not have to address the question upon whom the burden of raising the issue rests.
While both the no deliberate bypass and cause and prejudice standards apply to assessing the effect of failure to raise a claim or objection at an earlier proceeding, they are not interchangeable concepts. The no deliberate bypass requirement is a jurisdictional one, Cajigas v. Warden, 179 Conn. 78 (1979), p. 81. It is a deterrent to those litigants who would knowingly attempt to use habeas corpus as an alternative to direct appeal. As such, it is reasonable to require that a petitioner specifically allege that he has not engaged in such a practice. It would be a rare case where the respondent would be in a position to know whether a procedural default was intentional or otherwise, and, therefore, it would be unfair to place the burden of alleging deliberate bypass of a claim on the respondent.
In contrast, cause and prejudice has been held by the federal courts not to be a jurisdictional bar, but rather a procedural bar, to habeas relief, Allen v. Risley, 817 F.2d 68 (CA 9 1987), p. 69. It is a procedural rule designed to promote efficiency, finality and comity, Ibid. The question of knowledge or lack of knowledge of the default is not determinative under this standard of review. The respondent need only identify procedural default for the analysis of cause and prejudice to be invoked. It is not unreasonable to place the burden of alleging procedural default or CT Page 6666 waiver on the respondent initially, even though, ultimately, the petitioner must prove cause and prejudice.
Because the Johnson case, supra, adopted the federal standard, it is useful to determine how the federal system views this issue. Neither party has cited any case squarely deciding the question on the federal level. The United States Supreme Court case of Murray v. Carrier, 477 U.S. 478 (1986) has language which appears to support the respondent's assertion that the petitioner must allege cause and prejudice. At p. 489 that Court stated "[i]t is clear that [the prisoner] failed to show or even allege cause for his procedural default. . . ." And at p. 497, in the concluding section of the majority opinion, the case states "[the prisoner] has never alleged any external impediment that might have prevented counsel from raising his discovery claim in his petition for review, . . . .[the prisoner's] petition for federal habeas review of his procedurally defaulted discovery claim must therefore be dismissed for failure to establish cause for the default, . . . ."
While that Court uses the word "allege", in context, this usage appears to mean alleged at any time throughout the habeas proceeding, even in response to the State of Virginia's raising of the issue. It does not appear to be restricted to the contents of the petition. It is clear that the petition was dismissed for failure "to establish", i.e. prove, cause, and not for failure to plead cause and prejudice in the petition.
A commentator on federal habeas practice has stated an opinion that petitioners "generally need not raise waiver and procedural default matters in their initial pleadings and briefs. . .Once the respondent has pleaded and proved that a default occurred. . ., however, Sykes and its progeny indicate that the petitioner bears the burden of coming forward with both an `explanation' sufficient to establish cause and with specific allegations of actual prejudice." Liebman, Federal Habeas Corpus Practice and Procedure, 1988, Section 24.5e, p. 361, (emphasis present).
This view is supported by a footnote in the case of Engle v. Isaac, 456 U.S. 107 (1982). Footnote 26, p. 124, addressed one petitioner's claim that the State of Ohio failed to raise the issue of procedural default and, therefore, ought to be prohibited from insisting CT Page 6667 that the claimant prove cause and prejudice. The United States Supreme Court states that in "some cases a State's plea of default may come too late to bar consideration of the prisoner's constitutional claim," (emphasis added). If pleading cause and prejudice was jurisdictional, it would never be too late to raise the issue. The quoted language implies that the respondent must plead the default initially.
The Court also perceives a practical problem with requiring the petitioner to allege cause and prejudice in his petition. In some instances, a petitioner may dispute the existence of procedural default. A reviewing court may have to resolve the question of whether any default or waiver occurred after taking evidence. It is difficult to envision how a petitioner can be required to allege in his petition a cause justifying a default which he denies occurred.
For these reasons, the Court concludes that a petitioner need not allege cause and prejudice in his petition, and the motion to quash is denied.
BY THE COURT,
Hon. Samuel J. Sferrazza, J. Superior Court Judge