## Staunton

ELIZABETH COLE GOOCH v. CITY OF LYNCHBURG.

September 3, 1959.

Record No. 4956.

Present, All the Justices.

The opinion states the case.

*Paul Whitehead* (*Edmunds, Whitehead, Baldwin & Graves,* on brief), for the plaintiff in error.

*Royston Jester, III, Commonwealth's Attorney* (*C. S. Nowlin, City Attorney,* on brief), for the defendant in error.

MILLER, J., delivered the opinion of the court.

On February 17, 1958 Elizabeth Cole Gooch was arrested in the city of Lynchburg by a police officer of that city for unlawful operation of a motor vehicle while under the influence of intoxicants in violation of the city ordinances. The misdemeanor was committed in the presence of the officer while on duty, and when accused was apprehended, she was informed of the offense with which she was charged. She told the officer that she had been previously convicted for a similar offense; when she was carried to police headquarters, she was booked as a second offender. In compliance with her request, accused was promptly taken to the Lynchburg General Hospital where a blood specimen was obtained to be analyzed for alcoholic content. Upon her return to police headquarters she was placed in a detention cell, and some hours later released on bond.

No warrant was issued against accused, but she appeared in municipal court of the city of Lynchburg on March 4, 1958, in response to the condition of her bond. She was tried and convicted in that court for unlawfully operating "a motor vehicle while under the influence of intoxicants in violation of the ordinances of the city of Lynchburg, she having been previously convicted of a like offense."

Accused appealed from the judgment and entered into a bond in the sum of $300, in which the offense for which she had been convicted was recited at length. The bond was conditioned that she appear before the corporation court on the first day of its April term, 1958, to answer the charge. A certificate of conviction, which likewise stated the offense for which accused had been tried and convicted in the municipal court and the bond, both signed by the judge of that court, under date of March 4, 1958, were certified to the corporation court. Accused appeared in that court with counsel, made no demand for issuance of a warrant, elected to be tried by a jury, and entered a plea of not guilty to the charge. The order of the corporation court recites that "accused in her own proper person pleaded not guilty to the charge of operating a motor vehicle while under the influence of intoxicants, 2nd offense, in violation of the ordinances of the city of Lynchburg, * * *."

Before any evidence was introduced, counsel for accused and the city attorney entered into a stipulation which stated "that on a prior occasion, February 18, 1954, this accused was convicted in the Municipal Court for the City of Lynchburg for the offense of operating a motor vehicle while under the influence of intoxicants." Without objection the court instructed the jury that they should receive and

consider the stipulation as a proved fact. At the conclusion of the city's evidence, counsel for accused moved to dismiss the "charge against this defendant on the ground" that no warrant had been issued against her. However, no demand for the issuance of a warrant, as provided for in § 16.1-129.1, 1958 Cum. Supp., Code 1950,[1] Acts 1956, ch. 555, p. 886, was made but § 52-21, Code 1950, was cited and relied upon in support of the motion. After hearing argument, the court stated that § 52-21 relates to arrests by state police, and overruled the motion.

Accused testified in her own behalf, and at the conclusion of all the evidence, her counsel renewed his motion to dismiss because no warrant had been issued. He also objected to any instruction that allowed the jury to find accused guilty as a second offender on the ground that she had not been charged with a second offense. The motions were overruled, and the court instructed the jury upon the punishment for a second offense of operating a motor vehicle while under the influence of intoxicants. After deliberation the following verdict was returned by the jury:

"Upon a charge of operating a motor vehicle while under the influence of intoxicants, 2nd offense, in violation of the ordinances of the City of Lynchburg, we the jury find the accused, Elizabeth Cole Gooch, Guilty and fix the fine at $100.00 and by confinement in Jail one month."

Accused moved that the verdict be set aside because it was (a) "contrary to the law and the evidence;" (b) she could not be tried without the issuance of a warrant against her, and (c) the court erred by instructing the jury on the penalty of a second offense. This motion was overruled, and from the judgment entered on the verdict, accused appealed.

Briefly stated accused's three assignments of error are that the trial court erred (1) in refusing to dismiss defendant because no warrant or summons was issued; (2) by instructing the jury on the penalty of a second offense when accused was not charged with a second violation of the law; and (3) "in refusing to set the verdict aside and enter up judgment" for accused.

Accused insists that the fundamental requisite of due process

---

[1] "In any case in which a person has been arrested for a misdemeanor by an officer in the discharge of his duty, it shall not be necessary that a warrant be issued for such person, who may be tried without a warrant unless he shall, in person or by counsel, demand that the charges against him be reduced to writing in the form of a warrant."

in a criminal prosecution, though it be for a misdemeanor, demands that prior to trial there be served upon her a written notice (summons or warrant) reasonably calculated under the circumstances to apprise her of the offense with which she is charged and that such written notice and accusation are also expressly required by §§ 19-72.1 and 52-21, Code 1950.

An examination of § 19-72.1 discloses that it merely provides for the service of process against a person charged with a criminal offense once process is actually issued. It is not directed to or intended to be determinative of whether or not written notice or warrant must be issued before an accused may be tried for a misdemeanor.

All of Title 52 of the Code of 1950 pertains to the Department of State Police, its communication systems, and powers. Section 52-21 of that title, which provides for the issuance of a warrant after an arrest, is not applicable when a city police officer in the discharge of his duty makes an arrest for an offense committed in his presence. We agree with the trial judge that this section did not require the city police officer to secure the issuance of a warrant against accused.

The case of *Tate* v. *Lamb*, 195 Va. 1005, 81 S. E. 2d 743, is cited and relied upon by accused, but the facts, circumstances, and several statutes there involved are materially different from those now presented. Tate there challenged the validity of process under § 46-193 (now § 46.1-178), *et seq.*, by which special provision is made for the issuance and service of summons or written notices upon an accused, and other procedures authorized and directed which are only applicable to offenses against the Motor Vehicle Act. Here the offense did not arise under the Motor Vehicle Act but it was committed in the presence of the officer, and the arrest was made by him in the discharge of his duty. Under these circumstances, § 16.1-129.1 permits an arrest and detention without a warrant, and the accused may be tried without its issuance unless he shall "demand that the charges against him be reduced to writing in the form of a warrant."

"The purpose of requiring a copy of a criminal process to be left with a defendant is to inform him of the specific charge made against him so that he may intelligently prepare his defense." *Mary Dorchincoz* v. *Commonwealth*, 191 Va. 33, 36, 59 S. E. 2d 863.

It is advisable and undoubtedly the better practice to issue and serve proper process upon an accused in which the charge is reduced to writing. Yet here it cannot be doubted that at the time of her

arrest and when she entered her plea of not guilty, accused was fully aware of the character of the offense with which she was charged and for which she was to be tried. Had she requested that the charge be reduced to writing in the form of a warrant, it would have been necessary to comply with that demand, § 16.1-129.1; if it were intended to prosecute her for a second offense, it would have been incumbent upon the city to make that charge in the warrant. *Kincaid* v. *Commonwealth*, 200 Va. 341, 105 S. E. 2d 846. However, she never demanded that the charge be reduced to writing and we find no error in the court's refusal to dismiss it.

■ No motion or objection was made or exception taken in the trial court because the city ordinance was not introduced in evidence, nor was any assignment of error taken on that specific ground. Yet it is now asserted in accused's reply brief that the judgment should be reversed because the ordinance was not introduced in evidence. It is contended that the motion to set aside the verdict as contrary to the law and the evidence was an adequate and timely objection in the trial court, and the assignment that the court erred "in refusing to set the verdict aside and enter up judgment" for the defendant is sufficient basis upon which now to challenge for the first time the failure to introduce the ordinance.

Rule of Court 1:8 provides as follows:

"In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and unless it appears from the record to have been so stated, such objections will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice."

When counsel for accused moved that the verdict be set aside as contrary to the law and the evidence, he did not state or advise the court that he was objecting to the verdict or basing his motion upon the fact that the city ordinance had not been formally introduced in evidence. The omission or failure to introduce the ordinance was never brought to the attention of the trial court at any stage of the proceeding nor was any assignment of error taken to its omission unless it be presented by the general assignment of "refusing to set the verdict aside and enter up judgment" for the defendant.

In construing and applying this rule, in *Harlow* v. *Commonwealth*, 195 Va. 269, 273, 77 S. E. 2d 851, we said:

"Rule 1:8 requires that the trial judge be informed of the precise points of objection in the minds of counsel so that he may rule intelligently, thereby avoiding delay and the expense incident to appeals, reversals and new trials upon grounds of objection which might have been obviated or corrected in the trial court. Therefore this Rule must be adhered to unless the exceptions therein stated apply. * * *"

It is clear from the record that accused and her counsel were fully aware that she was being prosecuted under the city ordinance enacted pursuant to the authority given by § 15-553, Code 1950. She had been convicted under the ordinance in the municipal court and the final order expressly states that accused in her own proper person pleaded not guilty to the charge of a second violation of the city ordinance. Had timely objection been made to the failure of the city to introduce the ordinance in evidence, there would have been merit in accused's contention. *Sisk* v. *Town of Shenandoah*, 200 Va. 277, 105 S. E. 2d 169. Here accused well knew that she was being tried under the city ordinance, and the mere motion to set aside the verdict as contrary to the law and the evidence was insufficient to bring to the attention of the trial court the failure of the city to introduce the ordinance in evidence.

It necessarily follows that the assignment of error that the court erred "in refusing to set the verdict aside and enter up judgment" for accused is not supported by the record, and the judgment must be affirmed.

*Affirmed.*