UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia


CARLSON BRYANT FOLLY

MEMORANDUM OPINION[*] BY
v.        Record No. 0405-13-2            JUDGE ROBERT J. HUMPHREYS
AUGUST 5, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
J. Howe Brown, Jr., Judge Designate

Katina C. Whitfield for appellant.

John W. Blanton, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Carlson Bryant Folly ("Folly") was convicted after a bench trial in the Caroline County

Circuit Court ("trial court") of attempt to manufacture, sell, give, distribute or attempt to possess

with intent to manufacture, sell, give, or distribute a Schedule I or II controlled substance, in

violation of Code §§ 18.2-248, 54.1-3446 through 54.1-3452, and 18.2-257, and possession of a

firearm by a convicted felon, in violation of Code § 18.2-308.2.  On appeal, Folly argues that the

trial court erred in denying his motion to suppress the evidence because the officers stopped his

car without reasonable suspicion and searched his car without a warrant.  Folly also argues that

the evidence was insufficient to prove that he possessed the specific intent to possess and/or

distribute a controlled substance.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  ANALYSIS

A.  Reasonable Suspicion to Stop and Detain

Folly first argues that the trial court erred in denying his motion to suppress the evidence because the stop of his vehicle and his subsequent detention were not supported by a reasonable, articulable suspicion that a crime had been committed.

"[D]eterminations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."  Ornelas v. United States, 517 U.S. 690, 699 (1996).  "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee v. Commonwealth, 25 Va. App. 193, 198, 497 S.E.2d 259, 261 (1997) (en banc).

The Fourth Amendment to the United States Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."  Terry v. Ohio, 392 U.S. 1, 16 (1968).  "Prior to Terry v. Ohio, any restraint on the person amounting to a seizure for the purposes of the Fourth Amendment was invalid unless justified by probable cause."  Florida v. Royer, 460 U.S. 491, 498 (1983).  "Terry created a limited exception to this general rule:  certain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime."  Id.

An investigatory stop of a vehicle also "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity."  United States v. Cortez, 449 U.S. 411, 417 (1981) (citations omitted).  "The officer, of course, must be able to articulate something more than an 'inchoate and unparticularized suspicion or hunch.'"  United

States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry, 392 U.S. at 27).  A reviewing court must consider the totality of the circumstances known to the officer at the time of the stop when determining whether the officer's suspicion was reasonable.  Terry, 392 U.S. at 21-22.  The circumstances known to the officer may include information provided to him by an informant. See Navarette v. California, 134 S. Ct. 1683, 1688 (2014) (even an anonymous tip describing dangerous activity uncorroborated by the officer can demonstrate "'sufficient indicia of reliability to provide reasonable suspicion to make [an] investigatory stop'" (quoting Alabama v. White, 496 U.S. 325, 327 (1990))).

Here, Sergeant Travis Nutter ("Nutter"), of the narcotics unit for the Caroline County Sheriff's Office, testified that when officers stopped Folly's vehicle he had a suspicion that Folly was "in the commission of attempting to possess cocaine with the intent to distribute."  Nutter explained that he had investigated Folly's illegal drug activity since 2005, roughly seven years before the May 23, 2012 encounter that is the subject of this appeal.  Through his investigation, Nutter knew that Folly had been convicted of drug crimes in Atlanta and had "a connection" in Atlanta.  Nutter was aware that Folly had offered to purchase drugs in Atlanta for a police informant[1] on more than one occasion, and the informant told Nutter that Folly was going to Atlanta to buy drugs on the date officers stopped him.  Nutter knew that Folly took $4,400 in cash from the informant for the purchase of four or four and a half ounces of cocaine in Atlanta and that Folly planned to begin his trip to make that purchase that evening.  Officers kept constant surveillance of Folly's street once the informant delivered the controlled buy money, and they knew that Folly had not left the general area after he received the money and prior to the stop.  Finally, Nutter knew that Folly was driving a rental car for the trip and he knew the license plate number of the car Folly was driving.

_____

[1] The informant had been convicted of drug distribution crimes and agreed to cooperate with law enforcement officers in investigating other drug crimes.

- 3 -

Nutter articulated facts that established a reasonable suspicion based on the totality of the circumstances known to him at the time of the stop that Folly was or was about to be engaged in criminal activity. Therefore, Nutter was authorized to stop and briefly detain Folly to investigate and confirm or dispel his suspicion that Folly was involved in criminal activity. The trial court did not err in denying Folly's motion to suppress the evidence based on the legality of the stop.

### B. Warrantless Search of the Car

Folly argues that the trial court erred in denying his motion to suppress the evidence because "the search of [his] vehicle was conducted without a warrant and was not within any exception to the warrant requirement in violation of [his] Fourth Amendment rights against unreasonable searches and seizure."

Folly did not preserve this assignment of error in the trial court. Folly asserted in his written motion to suppress that the search and seizure during the traffic stop "was unlawful, without a properly issued search warrant, and does not fall within any exception to the warrant requirement." However, during oral argument on the motion before the trial court, Folly did not once mention that the search of the car was illegal because the officers did not have a search warrant. Folly's counsel began by arguing only that the officer did not have reasonable suspicion for the stop. The prosecutor responded by arguing that the officer had probable cause for the stop. In rebuttal, Folly's counsel argued there was no probable cause to stop Folly's vehicle and pull him out of the car. The trial court recited that it understood Folly's argument to be that there was no reasonable suspicion to stop the car, and the trial court found that the officers did have reasonable, articulable suspicion to stop the car. Then the trial court stated that it did not hear probable cause "as part of the motion to suppress, but let's just say that – that it is and we'll go on" and address it. The trial court found that the officers had probable cause to arrest Folly "after they talk[ed] to him and search[ed] his car." Folly did not argue and the trial

- 4 -

court did not make any ruling about whether the officers needed a search warrant to search the car. Folly's trial counsel did not object at the motion hearing or assert during the trial that the search of Folly's car was unconstitutional because the officers lacked a search warrant or an exception to the warrant requirement. The only warrant mentioned at trial was the warrant obtained to search Folly's house, which is not relevant to this assignment of error.

Rule 5A:18 provides in part, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of the contemporaneous objection rule 'is to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections.'" Maxwell v. Commonwealth, 287 Va. 258, 264-65, 754 S.E.2d 516, 519 (2014) (quoting State Highway Comm'r v. Easley, 215 Va. 197, 201, 207 S.E.2d 870, 873 (1974)). "For the circuit court to rule intelligently, the parties must inform the circuit court 'of the precise points of objection in the minds of counsel.'" Id. at 265, 754 S.E.2d at 519 (quoting Gooch v. City of Lynchburg, 201 Va. 172, 177, 110 S.E.2d 236, 239-40 (1959)). Further, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc).

Folly's counsel never suggested the necessity for a search warrant for the car when the parties argued the motion to suppress before the trial court and never brought it to the trial court's attention that the trial court needed to rule on that issue. Therefore, according to Rule 5A:18, Folly did not preserve this issue for appeal.

### C. Sufficiency of the Evidence to Establish Intent

Folly's final assignment of error is that the trial court erred

> in finding [him] guilty of unlawfully and feloniously attempting
> to manufacture, sell, give, distribute or attempting to possess with

- 5 -

intent to manufacture, sell, give, or distribute, a controlled substance listed in Schedule I or Schedule II of the Drug Control Act [because] the evidence presented by the Commonwealth did not prove that [he] possessed a specific intent to possess and/or distribute a controlled substance.

When the sufficiency of the evidence is challenged on appeal, this Court must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). The Court should review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Brooks v. Commonwealth, 282 Va. 90, 95, 712 S.E.2d 464, 466 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 923 (2008)).

Folly was indicted for "attempt to manufacture, sell, give, distribute or attempt to possess with intent to manufacture, sell, give, or distribute" a Schedule I or Schedule II controlled substance. "An attempt to commit a crime is composed of the intent to commit it and a direct but ineffectual act done towards its commission."[2] Coles v. Commonwealth, 270 Va. 585, 589, 621 S.E.2d 109, 111 (2005). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979); see also Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988) ("Because direct proof of

---

[2] Folly does not assign error that the evidence was insufficient to prove the direct, ineffectual act element of his criminal attempt conviction. We will not consider his argument on this point. Rule 5A:20(c).

intent is often impossible, it must be shown by circumstantial evidence."). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). The Commonwealth bears the burden of excluding every reasonable hypothesis of innocence, that is, those "which flow from the evidence itself, and not from the imagination of defendant's counsel." Turner v. Commonwealth, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977). "Intent may be shown by a person's conduct and by his statements." Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

Here, Folly made contact with the informant to notify him that he was traveling to Atlanta to buy cocaine and to ask the informant to ride with him. Folly also asked the informant if he wanted to contribute money for the purchase of cocaine. Folly told the informant that he would probably get four ounces of cocaine for the $4,400 the informant gave to Folly.[3] Folly accepted the large amount of cash for the purchase of cocaine. Once stopped, officers found that Folly had additional rolls of cash, including a roll of $5,000, a roll of $4,000, and four rolls of $1,100, the price of one ounce of cocaine as Folly represented to the informant. Folly rented a car for his trip and had a packed suitcase in the trunk of the car. Inside the suitcase was a white powdery substance that is used by drug dealers to "cut" the cocaine, as well as a handgun. See Commonwealth v. Smith, 281 Va. 582, 593, 709 S.E.2d 139, 144 (2011) (recognizing that

---

[3] We need not consider the reliability of the informant in our analysis because Folly did not assign error to the admissibility of the informant's testimony or the officer's testimony regarding information he received from the informant. Rule 5A:20(c); Winston v. Commonwealth, 51 Va. App. 74, 82 n.4, 654 S.E.2d 340, 345 n.4 (2007) (holding that this Court will not address an argument on appeal that the appellant did not include in his assignment of error). Furthermore, when we review the sufficiency of the evidence on appeal, we "consider *all* evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction." Code § 19.2-324.1 (emphasis added); see also Robertson v. Commonwealth, 60 Va. App. 688, 715-19, 732 S.E.2d 30, 43-45 (2012) (Humphreys, J., dissenting).

possession of cocaine with the intent to distribute is an offense that is closely associated with firearms due to the danger inherent in the drug trade).  Officers also found "cut" at Folly's house, in addition to digital scales and ammunition suitable for the firearm he was carrying in the car.

It was reasonable for the trial court to infer from this evidence that Folly specifically intended to possess cocaine and to distribute it to the informant and others who provided money to Folly.  Therefore, we will not disturb the trial court's ruling on appeal.

## II.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

<u>Affirmed.</u>