UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


LASHAWN M. MILES

                                                     MEMORANDUM OPINION* BY
v.       Record No. 1781-14-2                        JUDGE ROSSIE D. ALSTON, JR.
                                                     NOVEMBER 3, 2015
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                Bradley B. Cavedo, Judge

          Dorian Dalton, Senior Assistant Public Defender (Office of the
          Public Defender, on brief), for appellant.

          Eugene Murphy, Senior Assistant Attorney General (Mark R. Herring,
          Attorney General, on brief), for appellee.


       Lashawn M. Miles (appellant) challenges her conviction for obstruction of justice.  She

argues first, that the trial court erred in finding the evidence sufficient to convict her of

obstruction of justice where the Commonwealth failed to prove that she knowingly impeded

Detective Travers' investigation, and second, that the trial court erred by precluding defense

counsel from making a closing argument at trial.

                                        BACKGROUND

       On February 28, 2014, appellant was at the Richmond Probation and Parole Office with

her brother, Carlton Hugh.  Mr. Hugh had been arrested on a firearm-related offense stemming

from an unrelated shooting.

       On that day, Detective Travers was instructed to go to that same probation and parole

office to "locate" and "seize" a beige minivan as part of an investigation related to Mr. Hugh.

When Detective Travers arrived, appellant was seated in the tan minivan Detective Travers was

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to seize. He instructed appellant to exit the vehicle. Appellant complied. Once appellant exited the vehicle, Detective Travers observed her and Mr. Hugh's girlfriend, Ms. Johnson, "walk across the parking lot in front of [him] and get into another vehicle . . . ," a blue Dodge Magnum.

Neither appellant nor Ms. Johnson were otherwise related to the investigation except for being in the general vicinity of the office on the date of the vehicle seizure. Detective Travers testified that appellant was "free to leave" at the moment she exited the minivan. However, Detective Travers "felt the need to investigate further" because "[i]t raised [his] suspicion to the fact that there were two vehicles."

Detective Travers drove his vehicle up behind the Dodge Magnum. He approached the passenger side of the Dodge Magnum and asked Ms. Johnson to exit. She complied. Upon Ms. Johnson's exit from the vehicle, Detective Travers escorted her to his vehicle where she voluntarily engaged in conversation with him. Ms. Johnson informed Detective Travers that Mr. Hugh "was in [the blue Dodge Magnum] immediately prior to . . . being arrested on the firearm-related [charge]." This statement led Detective Travers to believe that "there could potentially be evidence inside [the] vehicle." For that reason, he decided to seize the Dodge Magnum.

To effect the seizure, Detective Travers approached the driver's side of the Dodge Magnum. As he approached, he requested that appellant exit the vehicle. Appellant refused to comply with his "numerous requests." Rather than exiting the vehicle, appellant rolled down her window approximately six to eight inches. In this regard, Detective Travers testified that there was "enough [room] for [him] to stick [his] arm in the vehicle and unlock the vehicle door." As Detective Travers reached into the vehicle, appellant "rolled the window up on [his] arm." Despite appellant's efforts to thwart Detective Travers from accessing the door lock, he was able to unlock and open the vehicle door. Once the vehicle door was open, Detective Travers again

- 2 -

instructed appellant to exit her vehicle. Appellant's recalcitrance continued. Detective Travers subsequently physically removed appellant from the vehicle and cited her for obstruction of justice pursuant to Code § 18.2-460.

At trial on September 11, 2014, Detective Travers testified and following the close of the Commonwealth's case-in-chief, appellant made a motion to strike. Appellant argued that the Commonwealth failed to prove that appellant had "impeded [Detective Travers] while [he] was lawfully engaged in duties as a law enforcement officer." Specifically, appellant argued that sitting in the car was a "passive failure to cooperate with the officer" rather than an active effort to obstruct Detective Travers from his investigation. The trial court denied appellant's motion to strike.

Appellant then testified that when Detective Travers informed her that he was seizing the Dodge Magnum she asked him "for what?" According to appellant, Detective Travers responded by saying "[h]e wasn't authorized to tell [her] . . . that the lead detective on the case would explain that to [her]." She then refused to exit her vehicle because she thought "it was unfair." Appellant admitted that she locked herself in the vehicle when Detective Travers told her he needed to investigate further.

After appellant testified, she renewed her motion to strike and continued to assert that she was entirely passive during the encounter with Detective Travers. The trial court ruled that Detective Travers "had a basis to detain the vehicle under the totality of the circumstances that he was presented with and had a basis to seize the vehicle for further investigation." The trial court further found that when appellant "lock[ed] the doors and refused to unlock them," appellant's actions constituted an "active" action, rather than a passive act. According to the trial court, appellant's act of rolling up the window while Detective Travers' arm was in the window

constituted an act of obstruction.  For these reasons, the court denied appellant's renewed motion to strike and found appellant guilty.

Following the trial court's denial of appellant's motion to strike, the following exchange took place:

> [APPELLANT'S COUNSEL]:  We don't get argument?
>
> THE COURT:  Argument?  That was argument.
>
> [APPELLANT'S COUNSEL]:  Oh, I thought it was just for the motion to strike, the second motion to strike.  Is that final argument as well?
>
> THE COURT:  No, I've heard all I need to hear, and besides, you had two opportunities to argue on that motion.  I find [appellant] guilty as charged.

At sentencing, appellant made the following comments regarding the arguments she would have advanced during closing:

> This is a situation where they're investigating another individual.  She does not have any idea about what's going on.  Closing argument would have kind of covered a little bit of the mindset of [appellant] when this was happening.  She still, to this day, after this matter does not fully understand why that vehicle was under investigation.  She was never told why that vehicle was under investigation.
>
> She doesn't have any relationship with Detective Travers.  She doesn't really trust Detective Travers too much.  Her actions at that time given the information that she had [were] somewhat reasonable for somebody who does not trust [Detective] Travers.

On September 18, 2014, the trial court entered a final order finding appellant guilty of obstruction of justice and sentencing her to a fine and ninety days' incarceration with all ninety days suspended on condition of her good behavior.  This appeal followed.

- 4 -

ANALYSIS

I. THE EVIDENCE WAS SUFFICIENT TO CONVICT APPELLANT OF OBSTRUCTION OF JUSTICE

Appellant first contends that the evidence adduced at trial was insufficient to support her conviction of obstruction of justice. According to appellant, the evidence was insufficient to prove that she "knowingly impeded Detective Travers' investigation," because her actions "consisted of her passively remaining in the car." We disagree.

Upon an appeal challenging the sufficiency of the evidence, "we review the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009) (citation omitted). Under this highly deferential standard of review, we "'presume the judgment of the trial court [is] correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Chambliss v. Commonwealth, 62 Va. App. 459, 465, 749 S.E.2d 212, 215 (2013) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In doing so, this Court "does not 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, we ask only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original).

Code § 18.2-460(A) provides, in relevant part:

> If any person without just cause knowingly obstructs . . . any law-enforcement officer . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer . . . he shall be guilty of a Class 1 misdemeanor.

- 5 -

To violate Code § 18.2-460(A), there need not "'be actual or technical assault upon the officer.'" Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 478-79, 126 S.E. 74, 77 (1925)). Rather, "'there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to "obstruct" ordinarily implies opposition or resistance by direct action.'" Id. (quoting Jones, 141 Va. at 479, 126 S.E. at 77).

Here, the trial court found that appellant's conduct constituted direct action calculated to prevent and obstruct Detective Travers' performance of his duties. Appellant refused Detective Travers' repeated order that she exit the vehicle. Appellant then locked the vehicle doors to prevent Detective Travers from opening them. Appellant also physically obstructed Detective Travers when he reached inside the open passenger window of her vehicle to unlock the door, by "roll[ing] the window up on [his] arm." Even after Detective Travers "unlock[ed] the vehicle, extract[ed] [his] arm, and then open[ed] the door," appellant continued to ignore Detective Travers' command to exit the vehicle. Appellant's recalcitrance eventually required Detective Travers to "physically pull[]" her from the vehicle before he was able to seize the vehicle. Appellant's behavior was designed to obstruct Detective Travers' performance of his duties and necessitated that he use force against appellant in order to properly perform his duties, circumstances that certainly fall within Code § 18.2-460(A). We see no reason to disturb the trial court's factual determination and its construction of Code § 18.2 460(A) as it relates to this conduct.

Accordingly, we find the evidence sufficient to prove appellant's conviction of obstruction of justice and affirm the trial court.

## II. APPELLANT WAIVED HER CHALLENGE TO THE TRIAL COURT'S RULING FORECLOSING CLOSING ARGUMENT

Appellant next contends that the trial court erred by not permitting her to make a closing argument at trial. The Commonwealth argues that appellant did not preserve this argument and it is therefore barred from consideration by Rule 5A:18. We agree with the Commonwealth.

Rule 5A:18 states, in relevant part, that "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of [this] rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002). "For the circuit court to rule intelligently, the parties must inform the circuit court 'of the precise points of objection in the minds of counsel.'" Maxwell v. Commonwealth, 287 Va. 258, 264-65, 754 S.E.2d 516, 519 (2014) (quoting Gooch v. City of Lynchburg, 201 Va. 172, 177, 110 S.E.2d 236, 239-40 (1959)). Applying Rule 5A:18, we have consistently held that we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Following argument on appellant's renewed motion to strike, the trial court denied the motion and found appellant guilty of obstruction of justice. The following exchange between appellant and the trial court occurred:

> [APPELLANT'S COUNSEL]: We don't get argument?
>
> THE COURT: That was argument.
>
> [APPELLANT'S COUNSEL]: Oh, I thought it was just the motion to strike. Is that final argument as well?

THE COURT: No, I've heard all I need to hear. And besides, you had two opportunities to argue on that motion. I find you guilty as charged . . . . How do you want to proceed?

Without objection, the parties then agreed to proceed to sentencing.

Appellant did not object to the trial court's determination as it pertained to closing argument. Contrary to the position she now advances on brief, appellant did not "request to make closing argument" following the denial of her motion to strike. Rather, appellant merely clarified with the trial court whether argument on the renewed motion to strike constituted "final argument as well." On this record, we cannot find any basis from which to conclude that the trial court knew (or should have known) of appellant's objection to the limitation of argument.

Appellant argues in the alternative that this Court should apply the "'no opportunity to object' exception to the contemporaneous objection rule," provided in Code § 8.01-384 in order to review her second assignment of error.

Code § 8.01-384(A) provides a narrow exception to the contemporaneous objection principle. See Mason v. Commonwealth, 7 Va. App. 339, 373 S.E.2d 603 (1988). It states, in relevant part, "[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal." Code § 8.01-384(A). "Thus, this provision . . . requires appellate courts to consider issues on appeal that do not satisfy the contemporaneous objection requirement when the litigant had no opportunity to make the requisite timely objection." Maxwell, 287 Va. at 265, 754 S.E.2d at 519. When determining whether to apply this exception, we approach the issue cautiously, aware that experience has "demonstrate[d] that litigants are rarely precluded from making contemporaneous objections to orders or rulings of the court." Amos v. Commonwealth, 287 Va. 301, 309, 754 S.E.2d 304, 308 (2014).

In this case, appellant had the opportunity to object, but failed to do so. After the trial court denied appellant's motion to strike and found the evidence sufficient "to find [appellant] guilty as charged," appellant questioned whether the parties would have an opportunity for closing argument, but did not express an objection to the trial court's decision to forego closing argument. It is clear from appellant's discussion with the trial court regarding closing argument that she had the opportunity to make her objection known to the trial court and to make known the action she desired the trial court to take in response. There is nothing in this record to suggest that the trial court precluded appellant from making the requisite timely objection. Accordingly, we decline to apply the exception to the contemporaneous objection rule provided in Code § 8.01-384(A) and therefore consider appellant's challenge to the trial court's ruling foregoing closing argument waived.

CONCLUSION

For the foregoing reasons, we affirm appellant's conviction of obstruction of justice.

Affirmed.