COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Russell and Malveaux
Argued at Lexington, Virginia


JOEY EUGENE HODNETT

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0112-16-3        JUDGE MARY BENNETT MALVEAUX
                                                  DECEMBER 20, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Heath L. Sabin for appellant.

Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Joey Eugene Hodnett ("appellant") was convicted of driving after being declared an habitual offender, second or subsequent offense, in violation of Code § 46.2-357.  On appeal, he argues that the trial court erred in denying his motion to suppress the traffic stop, because the officer lacked reasonable, articulable suspicion that appellant's North Carolina temporary license plate was invalid.  Appellant further asserts that any reasonable, articulable suspicion the officer may have possessed was dispelled once appellant pulled over and the officer could see that the temporary license plate was unexpired.  Because appellant concedes that the officer possessed the requisite suspicion for the initial traffic stop, and because appellant failed to present to the trial court his argument that the officer's suspicion was dispelled before he checked appellant's identification, we affirm his conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

On July 11, 2015, Officer Lancaster of the Danville Police Department, while on patrol, saw appellant driving a sport utility vehicle bearing a temporary license plate from North Carolina. Lancaster later testified that whenever he sees such a plate, he automatically checks its expiration date. From a following distance of approximately thirty feet, appellant's temporary plate did not appear to display an expiration date. As Lancaster explained, "[t]here [are] six boxes above . . . the tag number . . . . There was no expiration date in the boxes where the expiration date was supposed to have been." Lancaster initiated a traffic stop.

Once Lancaster parked behind appellant, at a distance of approximately twenty feet, he could see the issuance date written in the bottom right corner of the plate: July 1, 2015.[1] The officer testified he could not see the issuance date before he stopped appellant.

Lancaster approached appellant and asked for his license and registration. Appellant produced a North Carolina identification card. When Lancaster checked appellant's name against Virginia DMV records, he learned that appellant's license had been revoked after he was declared an habitual offender. The officer arrested appellant.

Appellant moved to suppress the traffic stop, arguing that Lancaster lacked reasonable, articulable suspicion that he was engaged in criminal activity. During a hearing on the motion, the trial court hypothesized that "the stop maybe is okay because maybe he couldn't see [the issuance date] from thirty feet away but once he's made the stop, as he's approaching [appellant], he can read the tag, so then he's got to just get in his car and drive away." Appellant's counsel responded ambiguously to the court's suggestion that the initial stop may have been valid, but ceased to be so once Lancaster could see the temporary license plate was

---

[1] N.C. Gen. Stat. § 20-79.1(e) makes clear that every dealer authorized by the Division of Motor Vehicles to issue temporary plates "shall write clearly and indelibly on [their] face . . . [t]he dates of issuance and expiration." N.C. Gen. Stat. § 20-50(b) provides that such plates may be issued for a period of "not . . . less than 10 days nor more than 60 days."

unexpired. Appellant's counsel simply stated, "Well, judge, I think it's unclear. We know he could read it at twenty [feet]. We didn't know whether he could read it at thirty [feet]."

The trial court denied appellant's motion to suppress. In so doing, the court noted that while appellant probably could not have been convicted of driving with an improper temporary license plate, "the officer is only required to have reasonable, articulable suspicion to initiate a traffic stop and I think, based on the evidence adduced here, that officer had that."

Following a bench trial, appellant was convicted of driving after being declared an habitual offender, second or subsequent offense, in violation of Code § 46.2-357. This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that Officer Lancaster lacked reasonable, articulable suspicion of criminal activity upon which to stop his vehicle, and thus the stop violated his rights under the Fourth Amendment of the United States Constitution. Consequently, the trial court erred in denying his motion to suppress.

Appellant assigns error to the trial court on the ground that the traffic stop was invalid from the point of inception. However, at oral argument, he conceded that Lancaster possessed the requisite suspicion for a valid stop.[2] Appellant's concession of law acts as "a waiver for purposes of Rule 5A:18 or as an express withdrawal of an appellate challenge to a trial court judgment." Logan v. Commonwealth, 47 Va. App. 168, 172 n.4, 622 S.E.2d 771, 773 n.4 (2005) (*en banc*). "In either scenario, [this Court] may accept the concession – not as a basis for

---

[2] At oral argument, appellant was asked, "I believe you've conceded that [reasonable suspicion] wasn't dispelled until after the stop had occurred?" Appellant replied, "Yes." Appellant then reiterated his argument that once Lancaster stopped his vehicle and could see the issuance date on the temporary license plate, "whether or not he's walking up [to appellant], or prior to the officer actually getting out of [his] vehicle, the suspicion had already been dispelled."

deciding the contested issue of law, but as a basis for not deciding it." Id. Here, we accept

appellant's concession and do not address the issue of the validity of the initial stop.

On brief, appellant further argues that the officer's reasonable, articulable suspicion for

the stop was later "dispelled":

> The only basis for the stop was [that] Officer Lancaster could not
> see the expiration date on the temporary tag and once he confirmed
> that [it] was a valid temporary tag there was no further
> particularized and objective basis for suspecting any legal
> wrongdoing.
>
>     . . . .
>
> Officer Lancaster's reasonable articulable suspicion was dispelled
> prior [to] his obtaining [appellant's] license status and he did not
> state any other particularized and objective basis for stopping and
> detaining [appellant] . . . .

Because Lancaster's suspicion was dispelled after he made the traffic stop and realized the

temporary license plate was not expired, appellant argues, the officer had no further reason to

detain or question him for suspected criminal activity. Hence, appellant reasons that Lancaster's

subsequent request for his license and registration was the result of an impermissible seizure, and

the identification information obtained as a result of that seizure was derived through a violation

of his Fourth Amendment rights.

We do not reach the merits of this argument due to appellant's failure to properly

preserve the issue for appeal. "The Court of Appeals will not consider an argument on appeal

which was not presented to the trial court." Frango v. Commonwealth, 66 Va. App. 34, 47, 782

S.E.2d 175, 181 (2016) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d

484, 488 (1998)). See also Rule 5A:18. Rule 5A:18 makes clear that "[n]o ruling of the trial

court . . . will be considered as a basis for reversal unless an objection was stated with reasonable

certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals

to attain the ends of justice."[3] The purpose of the rule "'is to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections,'" since, "[f]or the [trial] court to rule intelligently, the parties must inform the [trial] court 'of the precise points of objection in the minds of counsel.'" Maxwell v. Commonwealth, 287 Va. 258, 264-65, 754 S.E.2d 516, 519 (2014) (first quoting State Highway Comm'r v. Easley, 215 Va. 197, 201, 207 S.E.2d 870, 873 (1974); and then quoting Gooch v. City of Lynchburg, 201 Va. 172, 177, 110 S.E.2d 236, 239-40 (1959)). Further, "[m]aking one specific argument on an issue [at trial] does not preserve a separate legal point on the same issue for review." Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*)). Additionally, "Rule 5A:18 applies to bar even constitutional claims." Ohree, 26 Va. App. at 308, 494 S.E.2d at 488.

Here, appellant did not present to the trial court his argument that Lancaster's reasonable, articulable suspicion was dispelled during the course of the traffic stop and prior to his request for appellant's license and registration. Although, as noted above, the trial court posited this argument to appellant's counsel during the hearing on the motion to suppress, appellant's counsel did not adopt or advance this argument in the trial court.[4] Since appellant raises this argument only on appeal, and did not present this argument to the trial court for it to consider and rule upon, this argument was not preserved for consideration by this Court.

---

[3] Appellant offers no argument invoking either the good cause or ends of justice exceptions to Rule 5A:18.

[4] At oral argument, appellant's counsel conceded that while "the trial court posed the hypothetical" that the officer's suspicion dissipated during the stop, that hypothetical was "not directly answered by counsel" and the argument posited by the trial court "wasn't adopted" by appellant. In addition, when asked whether he could point to a specific place "in the record where the detention – the continued detention as opposed to the initial stop – was argued," appellant's counsel replied, "In all candor, your honor, no."

## III. CONCLUSION

On appeal, appellant conceded that the officer had reasonable, articulable suspicion for stopping his vehicle, and therefore we do not address the validity of the initial traffic stop. Further, appellant's argument that the officer's reasonable, articulable suspicion was dispelled before he asked for appellant's license and registration was not presented to the trial court and thus is not before this Court for review. For these reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>