COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Raphael and White
Argued by videoconference

UNPUBLISHED

RILEY DYSON BIRO

MEMORANDUM OPINION[*] BY

v.        Record No. 0011-24-1          JUDGE DANIEL E. ORTIZ
APRIL 29, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Jeffrey W. Shaw, Judge

Charles E. Haden for appellant.

Rachel A. Glines, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The circuit court convicted Riley Dyson Biro of misdemeanor obstruction of justice for

kicking a law enforcement officer.  On appeal, Biro argues that the circuit court erred when it

denied his pretrial motion to dismiss because the Commonwealth did not preserve a video of the

assault.  He claims it is clearly exculpatory and we must presume that the Commonwealth acted

in bad faith.  We disagree.  Viewing the evidence in the light most favorable to the

Commonwealth, we find that Biro offered little proof that the surveillance video had "apparent

exculpatory value" before it was destroyed or that the Commonwealth acted in bad faith.  Biro

also challenges his conviction, claiming that the circuit court could not, on its own, amend the

original indictment of felony assault and battery of a law enforcement officer and that the

amendment changed the nature or character of the offense charged.  Biro preserved neither

argument and thus we affirm the conviction.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

We recite the facts in the light most favorable to the Commonwealth, the prevailing party below. *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc). "Doing so requires that we 'discard' the defendant's evidence when it conflicts with the Commonwealth's evidence, 'regard as true all the credible evidence favorable to the Commonwealth,' and read 'all fair inferences' in the Commonwealth's favor." *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

## I. The Assault and Battery

On April 9, 2023, Investigator Matthews of the Gloucester County Sheriff's Office arrested Biro for written threats of death or bodily injury. While Matthews was interviewing Biro at the jail, Biro became increasingly agitated and scratched at his handcuffed wrists. When Biro calmed, Matthews and another deputy moved him to the main booking area so he could appear by video before a magistrate. During the probable cause hearing, Biro again grew agitated, picking at and biting his wrists. Biro stood and started yelling at Matthews, saying "Fuck you," "that he wanted to stick his penis into the ass of Deputy Franks'[s] son," and that he would "fuck [Matthews's] daughter." Believing it was "unsafe" to continue, Matthews ended the video call with the magistrate.

Matthews, Deputy Collins, and one other deputy then tried to move Biro into the hallway toward a restraint chair in the booking area, but they had to hold him against the wall until he calmed down. Once he settled, they walked him down the hall. Two deputies were on each side of Biro, and Matthews was either behind him or over his right shoulder. Biro was handcuffed, and his legs were shackled. As they walked, Biro started thrashing, kicking back and forth, and tensing his body. Biro was "repeating threats to Investigator Matthews," said "Fuck you," and then kicked out, hitting Matthews's shin. To avoid further confrontation, Matthews left Biro

- 2 -

with the other deputies. Matthews later filed a criminal complaint in the Gloucester County General District Court for assault and battery of a law enforcement officer.

## II. Pretrial

A day later, the magistrate issued an arrest warrant for assault and battery of a law enforcement officer. Shortly after, Biro's counsel informally requested discovery from the Commonwealth and followed up sometime later. According to the Commonwealth, it received Matthews's report on May 25, 2023. The report was redacted and given to Biro's counsel on June 9, 2023, along with a discovery flash drive. The flash drive had Matthews's report, copies of the warrants, and video files unrelated to Biro's assault and battery charge. There was no footage from the jail's surveillance system.

On August 3, 2023, the general district court certified the charge to the grand jury, which returned a true bill on September 5, 2023. On September 18, 2023, the Commonwealth emailed Biro's counsel that it learned that the jail automatically deletes surveillance footage after 30 days, meaning none of the April footage was preserved. Biro's counsel requested a subpoena duces tecum from the Gloucester Sheriff's Office on November 16, 2023, looking for "documents, manuals, or policies regarding the preservation of video recordings," "[c]opies of all videos" surrounding the April incident, and Matthews's and other officers' documents "evidencing any request for preservation." The sheriff's office responded on December 5, 2023, explaining that the jail only preserves videos for 30 days, that no footage from April was available, and that the Department of Corrections does not require a preservation policy. Biro then moved to dismiss the charge, alleging that Matthews and the Commonwealth intentionally did not preserve exculpatory evidence. The circuit court denied the motion, explaining that it did not "find there [was] any bad faith."

### III. Trial

During the bench trial, Biro's counsel moved to strike the Commonwealth's evidence. After argument, the circuit court found that there was a variance in the Commonwealth's evidence, so it amended the indictment to obstruction of justice under Code § 18.2-460(B). The court then tried to arraign Biro on the new offense. Biro, speaking for himself, said "Your Honor, I plead not guilty. I am not indicted for obstruction of justice and I believe the obstruction of justice is not a lesser included offense to assault." The court answered, "I'm not saying it is. That's why it's been amended. . . . He pleads not guilty. . . . Any evidence for the defendant?" After conferring with Biro, his counsel addressed the court: "Judge, maybe this is a teachable moment. He's charged with a felony assault and batter[y]. This is not a lesser included charge. Is the [c]ourt bringing the charge?" The court responded, "No. Under 19.2-231, the [c]ourt is finding a variance between the allegations and the offered proof. The [c]ourt is amending it to what it should be." Counsel replied, "Okay. . . . I understand, Judge. No evidence, Judge." And counsel later said, "Judge, . . . I understand what the Commonwealth is saying and I get what the [c]ourt has done here." The court then found Biro guilty of obstruction of justice and sentenced him to 12 months in jail. Biro now appeals.

### ANALYSIS

### I. Motion to Dismiss

Biro contends that the circuit court erred by denying his motion to dismiss for not preserving exculpatory evidence. Biro specifically argues that the surveillance system captured the events in the jail that led to his charges but that the officers and Commonwealth purposefully did not preserve the video files. He thus declares that, not only did this violate his due process rights, but absent a contrary showing, we must assume that the officers were acting in bad faith.

- 4 -

In response, the Commonwealth contends that "[i]nadvertently failing to properly mark the video for preservation does not establish bad faith" and that Biro did not prove that the destroyed evidence was exculpatory. We agree.

Constitutional issues present questions of law reviewed de novo on appeal. *Wallace v. Commonwealth*, 65 Va. App. 80, 88 (2015), *aff'd*, 292 Va. 1 (2016). "To the extent such review involves underlying factual findings, those findings may not be disturbed unless 'plainly wrong' or 'without evidence to support them.'" *Ali v. Commonwealth*, 75 Va. App. 16, 33 (2022) (quoting *Wilkins v. Commonwealth*, 292 Va. 2, 7 (2016)).

The Due Process Clause of the Fourteenth Amendment entitles an accused to exculpatory evidence in the prosecution's possession. *Martinez v. Commonwealth*, 42 Va. App. 9, 26 (2003). Thus, under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, "due process requires that the prosecution disclose evidence favorable to the accused that is material to guilt or punishment." *Church v. Commonwealth*, 71 Va. App. 107, 117 (2019).

When, as here, the issue relates to evidence no longer in the government's possession, whose exculpatory value is unknown, *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), govern.[1] Under both,

---

[1] *Gagelonia v. Commonwealth*, 52 Va. App. 99 (2008), accurately condensed both cases:

> In *Trombetta*, . . . the United States Supreme Court held that "the government violates due process if the evidence possessed 'exculpatory value that was apparent before the evidence was destroyed, and the evidence is of such a nature that the defendant would be unable to obtain comparable evidence by any other reasonable means.'" *Park v. Commonwealth*, 32 Va. App. 407, 420 (2000) (quoting *Trombetta*, 467 U.S. at 489). In *Youngblood*, the Court added a third requirement, holding that if "a criminal defendant can[not] show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. at 58.

*Id.* at 114-15 (second alteration in original).

> a defendant seeking a new trial on the basis of missing evidence formerly in the Commonwealth's possession must show that (1) the evidence possessed an apparent exculpatory value, (2) the defendant could not obtain comparable evidence from other sources, and (3) the Commonwealth, in failing to preserve the evidence, acted in bad faith.

*Gagelonia v. Commonwealth*, 52 Va. App. 99, 115 (2008). Biro's claim fails because he has shown neither the apparent exculpatory value of the destroyed evidence nor bad faith from the Commonwealth.

Biro's argument that the jail surveillance video was apparently exculpatory when it was destroyed is speculative. He relies entirely on an assumption that the video would show that any contact was accidental and that his feet were shackled preventing him from kicking Matthews. This raises no more than the possibility that the footage could have exculpated him. Matthews and Collins testified that they and two other officers were present for the incident, all of whom could testify and face cross-examination. And the Commonwealth provided Biro with Matthews's and Collins's reports about the incident. For these reasons, we find that Biro has not shown that the footage "possessed an apparent exculpatory value" before it was destroyed. *Id.*

Biro also cannot prove bad faith. Whether bad faith exists "necessarily turn[s] on the police's knowledge of the exculpatory value of the evidence [when] it was lost or destroyed." *Id.* (quoting *Youngblood*, 488 U.S. at 56 n.*). Requiring a showing of bad faith not only limits "the police's obligation to preserve evidence to reasonable bounds," but also confines due process to cases where the police's conduct itself suggests that the evidence could "form a basis for exonerating the defendant." *Youngblood*, 488 U.S. at 58.

When the circuit court denied Biro's motion to dismiss, it said:

> [I]f you have evidence that either the prosecutor or the defense requested it to be preserved within [30 days] and they didn't preserve it, maybe you have a situation of bad faith, but it's a video that nobody asked for [within 30 days] and I don't think you can equate not asking for it with bad faith. . . . [Both sides] know it's

an event at the jail. You know that the jail has video cameras, so clearly an effort can be made to at least inquire or ask that they be preserved.

In other words, there was no showing that "anyone was aware that someone wanted this video and then, according to their policy, just let it get taped over or destroyed after 30 days." The court accordingly found no bad faith.

We cannot say that the trial court's finding was plainly wrong or without evidence to support it. *See Lovitt v. Warden*, 266 Va. 216, 241 (2003) ("The circuit court's determination that there was an absence of bad faith was a finding of fact, not of law . . . . Such factual findings made by the circuit court are entitled to deference and are binding in this proceeding unless they are plainly wrong or without evidence to support them."). Although Matthews is correct that not preserving the footage was an "oversight on [his] part," that is not the test—bad faith must exist. But the jail was not selective in the evidence it destroyed. According to policy, it automatically destroyed *all* surveillance footage after 30 days unless there was a preservation request. Neither the Commonwealth nor Biro lodged such a request despite litigating the charges since April 2023. And Matthews testified that he does not have direct access to the surveillance footage at the jail like he does in the sheriff's office, so he too must go through the jail custodian of records. In any event, the essence of Biro's argument here is that the jail following its procedure—because there was no request from the Commonwealth, Matthews, or Biro—constituted bad faith from the Commonwealth. This argument is unavailing.

We accordingly affirm the circuit court's denial of Biro's motion to dismiss for failure to preserve exculpatory evidence. The apparent exculpatory value of the footage is speculative at best, and the record supports the trial court's finding that there was no bad faith from the Commonwealth.

## II. Amending the Indictment

Biro next challenges the circuit court's power to sua sponte amend the indictment for assault and battery of a law enforcement officer under Code § 18.2-57(C) to obstruction of justice under Code § 18.2-460(B). He also argues that the amendment violated Code § 19.2-231 because it "changed the nature or character of the offense charged."[2] While Biro's arguments raise interesting, and frankly important, questions about the circuit court's power, he did not properly preserve them for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." The Rule serves "to ensure that litigants 'make timely and specific objections, so that the trial court has an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Hannah v. Commonwealth*, 303 Va. 109, 124-25 (2024) (quoting *Brown v. Commonwealth*, 279 Va. 210, 217 (2010)). Thus, "[i]t is the appellant's burden 'to obtain a clear ruling from the trial court' on an issue he wishes to raise on appeal." *McDaniel v. Commonwealth*, 73 Va. App. 299, 313 (2021) (quoting *Young v. Commonwealth*, 70 Va. App. 646, 657 (2019)).

When objecting, "the parties must inform the circuit court 'of the *precise points of objection* in the minds of counsel'"; a general argument or an abstract legal reference is insufficient to preserve an issue for appeal. *Maxwell v. Commonwealth*, 287 Va. 258, 265 (2014)

---

[2] Biro adds that the amendment "plainly operated as a surprise to [Biro] and his counsel, yet the trial court did not offer or afford Biro any opportunity for a continuance to prepare a defense to the newly amended charge." To Biro, this was a denial of due process. Code § 19.2-231 only entitles a defendant to a reasonable continuance "*upon request*" and if the court finds that the amendment "operates as a surprise." (Emphasis added). Biro never requested a continuance. So, even if the issue were properly preserved, this fact would be fatal to his claim.

(emphasis added) (quoting *Gooch v. City of Lynchburg*, 201 Va. 172, 177 (1959)); *accord Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc).[3] Here, neither Biro nor his counsel contested the court's authority to sua sponte amend the indictment during trial. Indeed, Biro's counsel said, "Judge, . . . I understand what the Commonwealth is saying and I get what the [c]ourt has done here." Biro and his counsel also did not raise whether the amendment changed the nature or character of the offense charged; they merely questioned whether it was a proper amendment if obstruction of justice is not a lesser-included offense of assault and battery of a law enforcement officer. We therefore cannot say that Biro specified "the precise points of objection," or allowed the trial court to rule on either issue. *Maxwell*, 287 Va. at 265.

What is more, making one specific argument on an issue does not preserve a separate legal point on the same issue for review. *See Clark v. Commonwealth*, 30 Va. App. 406, 411-12 (1999). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). At trial, Biro argued that the amendment was improper because obstruction of justice is not a lesser-included offense of assault and battery of a law enforcement officer. This argument cannot extend on appeal to whether the trial court had the power to amend the indictment or whether the amendment changed the nature or character of the offense.

To be sure, in limited circumstances, Rule 5A:18 allows this Court to consider a matter not preserved by objection in the trial court for good cause or to meet the ends of justice. *See Commonwealth v. Bass*, 292 Va. 19, 27 (2016). But Biro does not raise either exception recognized by Rule 5A:18; his brief is void of reference to good cause or the ends of justice.

---

[3] The objection must also come "at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify [its] effect." *Maxwell*, 287 Va. at 265 (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)).

And as we have said on many occasions, this Court will not invoke either exception sua sponte. *See Edwards*, 41 Va. App. at 761; *Hannah*, 303 Va. at 125; *see also* Rule 5A:20(e).

We accordingly find that Biro waived his ability to challenge on appeal the circuit court's authority to sua sponte amend his indictment during trial. He also waived any argument that the amendment violated Code § 19.2-231 by changing the nature or character of the offense charged.

## CONCLUSION

Biro's claim that the circuit court erred in denying his motion to dismiss fails because he has shown neither the apparent exculpatory value of the destroyed evidence nor bad faith from the Commonwealth. Additionally, Biro waived his ability to challenge the amended indictment on appeal. We therefore affirm Biro's conviction.

*Affirmed.*